## BEESON *v.* JOHNS.

ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

Submitted December 6, 1887.—Decided January 9, 1888.

In an action to set aside and have declared void a tax deed, made upon a sale for taxes of the plaintiff's land, upon the ground of a discrimination in the assessment against the plaintiff as a non-resident, it appearing that the laws under which it was made did not require the assessment to be more favorable to resident owners than to non-residents, and that the question to be decided related only to the action of a single assessor, or to the action of a board of equalization, and there being no sufficient evidence of such a discrimination against the owner of the lands; *Held*, that mere errors in assessment should be corrected by proceedings which the law allows before such sale, or before the deed was finally made.

THIS was an action to set aside a tax sale of lands in Iowa. The Federal question is stated in the opinion of the court.

*Mr. Nathaniel Bacon* for plaintiffs in error.

*Mr. Galusha Parsons* for defendants in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a writ of error to the Supreme Court of the State of Iowa. In one of the inferior courts of that State Strother M.

Beeson brought suit against Henry Johns and Henry Ohrt, the defendants in error. Beeson having died, the present plaintiffs, as his executors, were substituted, and, as the record comes to us from the Supreme Court of the State, there was filed in that court an abstract of the case from the court below. The object of the suit was to set aside and have declared void three tax deeds purporting to have been made upon sales for taxes on lands of the plaintiff, Beeson.

The original petition relied mainly upon the fact that there was fraud in the tax sale by reason of a combination of bidders to prevent a fair competition and sale. An amended petition set out, first, that there was no legal and valid assessment for taxes of the land so sold, neither to plaintiff or his grantor nor to unknown owners, and that in fact there was no assessment of the land for that year.

"Second. That said lands belonged, at the time of the assessment for the year 1869 and on the 1st day of January, A.D. 1869, to a non-resident of the State of Iowa, and that if any assessment of said land for the year 1869 was ever made, it, together with all the lands belonging to non-residents of the State in the township in which said land is situated, was assessed and valued, and equalized and taxed, by the officers and authorities making such assessment and equalization and taxation, at a higher price and value and at a higher rate of tax than the property and lands of resident owners of property and lands in said township and county for the same year, and that all the other lands and property in said township, except the lands of non-residents of Iowa, were assessed, equalized, and taxed at a value and rate far below its actual cash value, and the said assessment was void, and was, in fact, no legal assessment of said land, and the proceedings based thereon and sale are void.

"Third. That at the time the assessment of said land was made there was a rule established by the board of supervisors and equalization of said county, and recognized and followed by the assessors of the different townships, including the township where said land was situated, to assess improved lands belonging to resident owners and personal property at from

one-third to one-half of its actual cash value, and that said assessment for the year 1869 was made on that basis and value, and at from one-third to one-half its value, and the same was illegal and void."

These allegations were put in issue by a general denial.

It is in regard to these last two charges in the amended petition that the plaintiff in error claims a right to bring the case to this court. That right he bases in his brief, first, upon a provision of the Ordinance of 1787, to the effect that in no case shall non-resident proprietors be taxed higher than residents, and also to a similar provision contained in the act of Congress of March 3, 1845, providing for the admission of the States of Iowa and Florida into the Union.

As the case was decided against the right set up by the plaintiffs in error under this act of Congress, we must inquire whether the decision of the Supreme Court of the State on that subject is sound. After carefully examining the testimony on this subject, as found in the record, it does not appear to us, as it did not appear to the Iowa Supreme Court, that there was any clear discrimination in the valuation of the property of this non-resident owner in the State of Iowa, nor any purpose to discriminate against citizens of other States in favor of those residing in that State. The only evidence on this subject which had any tendency whatever in that direction was the statement of one witness that lands which had valuable improvements upon them were not estimated so near their real cash value taken altogether as were the lands which had no improvements upon them; and the following extract from the proceedings of the board of equalization of the county in which the lands in controversy lay, to wit:

"On motion, the board proceeded to the equalization of assessments. A motion was made that all lands in the county assessed to unknown owners be assessed at six dollars per acre, and an amendment was offered that said lands be assessed at five dollars per acre, which motion carried; after which the motion, as amended, was adopted."

It is true that one witness testified that the improved lands were mainly owned by residents. The language of the Su-

.preme Court of the State on this subject in its opinion is as follows :

" Conceding the land in controversy belonged to non-residents and that it was assessed at a greater value than similar land belonging to residents, is the tax title void under the Ordinance of 1787 or the act of Congress admitting the State of Iowa into the Union ? We are not prepared to say if such an assessment was objected to at the proper time and manner it could be sustained, but we do not believe, under the facts in this case, the title of the purchaser at the tax sale by reason thereof is void. The authorities cited by counsel for appellant do not go to this extent. Fraud is not alleged or shown, nor is it claimed there was an actual intent to discriminate against non-residents. At most it appears the improved lands of residents were not assessed as high in proportion as the unimproved lands. No discrimination was made between the unimproved lands of residents and non-residents. For aught that appears, the relative value of the improved and unimproved lands was erroneous only. Under such circumstances a correction or abatement should have been applied for as provided for by law. The assessment and levy were not void, and for the correction of the error the remedy provided by law is ample for the complete protection of the tax-payer."

While we do not decide that in no case of a settled purpose to discriminate in the taxation of lands in a county or State against owners residing in another State would such a sale be held void, we do not see in the case before us any reason for holding the tax sale complained of here to be void on that account. If a tax were levied under a law of the State which required either the assessment, or the rate levied upon that assessment, to be more favorable to the resident owners of the property than those who resided in another State, all assessments and sales under such a statute might possibly be declared to be void. But where the question relates to the action of a single assessor, or of a township or county board of equalization, and does not profess to be carried on with any purpose of making such discrimination, the mere errors in assessment should be corrected by proceedings which the law allows be-

fore such sale or before a deed is finally made. There is no sufficient evidence in this case of any purpose to discriminate against the owner of the lands in controversy, nor of any actual injury to him by the assessment which was made upon his property.

The only discrimination made was between improved and unimproved lands, without regard to the residence of the owners and the accidental circumstance that more improved lands were owned by residents than by non-residents, does not show a violation or a purpose to violate the act of Congress.

*The judgment of the Supreme Court of Iowa is affirmed.*