A. W. LOGAN v. ELBERT A. YOUNG AND OTHERS.[1]

April 13, 1934.

No. 29,953.

See Apartment Operators Assn. v. City of Minneapolis, 191 Minn. 365, 254 N. W. 443.

*O'Brien, Horn & Stringer,* for appellant.

*Harry H. Peterson,* Attorney General, *William S. Ervin,* Assistant Attorney General, *M. F. Kinkead,* County Attorney, and *Andrew Bratter,* Assistant County Attorney, for respondents.

*PER CURIAM.*

This is a companion case to Apartment Operators Assn. v. City of Minneapolis, 191 Minn. 365, 254 N. W. 443, and the objections made to L. 1933, c. 359, therein disposed of will not here be considered. The further contention is here made that the classification of real property in that act discriminates against nonresident owners and is therefore in violation of art, 2, § 3, of the state constitution, which provides: "In no case shall nonresident proprietors

[1]Reported in 254 N. W. 446.

be taxed higher than residents"; and of art. IV, § 2, of the federal constitution, in which it is provided: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."

These two provisions as applied to c. 359 are coextensive and prohibit discrimination between citizens of this and of other states coming within the taxation classification here involved. The trial court held that there was no discrimination against plaintiff (appellant) in his capacity as a citizen of another state. We agree with it. Nonresidents owning real property within the state are affected only to the same extent as are citizens of the state owning property not used by them for homestead purposes. The discrimination is not against citizens of another state as such, but against owners of nonhomestead property, whether they reside within or without the state. The privilege granted by c. 359 is not common to all the citizens of this state by virtue of their citizenship. It is a special privilege granted to only a portion of the citizens of the state and is not prohibited by the constitutional provisions above quoted. State v. Travelers Ins. Co. 73 Conn. 255, 47 A. 299, 57 L. R. A. 481, and cases cited; Beeson v. Johns, 124 U. S. 56, 8 S. Ct. 352, 31 L. ed. 360.

Affirmed.