48  331
s61  428

WM. S. MOORE *et al. vs.* CITY OF ST. PAUL.

Submitted on briefs Jan. 19, 1892.  Decided Feb. 5, 1892.

**City Ordinance Void for Inequality.**—Ordinance No. 766 of the city of St. Paul, which requires payment of $150 for a license to conduct the business of an intelligence or employment office for males "until the 1st day of January next following the date of the application" is void, the fee charged being neither uniform nor equal.

Appeal by the defendant, the city of St. Paul, from an order of the district court of Ramsey county, *Kerr,* J., made September 10, 1891, overruling its demurrer to the complaint.

The complaint states that on April 22, 1890, the plaintiffs William S. Moore and A. H. Anderson were partners in business carrying on an employment agency for males at No. 283 Sibley street, St. Paul. On that day the defendant city caused Anderson to be arrested for carrying on said business without a license. He, while so under arrest and in custody, paid under protest, into the city treasury, $150 of the firm's money to save himself from further restraint, and received a license for his firm to carry on their business to January 1st then next, unless said license should be sooner revoked by the mayor. A copy of the ordinance No. 766, under which he was arrested, was referred to in, and was attached to, the complaint. It provided that no person should engage in or carry on the business of intelligence or employment agent without first giving bond approved by the mayor, and paying $150 fee, and obtaining a license to expire on January 1st next thereafter. The penalty for a violation of the ordinance was a fine or imprisonment. Plaintiffs demanded judgment that they recover of the city the money so paid under duress, with interest.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and defendant appealed. Counsel did not present in their briefs the point on which this court decided the case.

*Dan W. Lawler* and *J. C. Michael,* for appellant.

The city charter authorized the common council to enact this ordinance. Sp. Laws 1887, ch. 48, § 3, subd. 4, p. 624. This law abrogated Laws 1885, ch. 205, so far as it applied to this city. *Moore* v. *City of Minneapolis,* 43 Minn. 418.

It was an unwarranted and unauthorized act of the clerk to insert in the license the condition that the mayor might revoke it. The common council only could revoke it; but it was harmless surplusage. *State of Minnesota* v. *Mayor of St. Paul,* 34 Minn. 250.

*Steele & Rees,* for respondent.

The common council had no authority to ordain that applicants for license should apply to the clerk or any other person or body but to itself. *In re Wilson,* 32 Minn. 145; *Minneapolis Gaslight Co.* v. *City of Minneapolis,* 36 Minn. 159; *Darling* v. *City of St. Paul,* 19 Minn. 389, (Gil. 336;) *In re White,* 43 Minn. 250.

Another objection to the ordinance is that it delegates to the mayor the power of approving or rejecting the bond required of the applicant. *County Com'rs of Hennepin Co.* v. *Robinson,* 16 Minn. 381, (Gil. 340;) *Peck* v. *Callaghan,* 95 N. Y. 73; *People ex rel. Satterlee* v. *Board of Police,* 75 N. Y. 38.

The money was paid under duress. *Kraemer* v. *Deustermann,* 37 Minn. 469; *Moore* v. *City of Minneapolis,* 43 Minn. 418.

MITCHELL, J. If the ordinance in question (No. 766 of the city of St. Paul) had provided for a uniform fee of $150 for a license for one year to carry on the business of "an intelligence or employment office for males," it would not have been so excessive or unreasonable as to justify us in holding the ordinance void. *Moore* v. *City of Minneapolis,* 43 Minn. 418, (45 N. W. Rep. 719.) But under the provisions of this ordinance, no matter at what time in the year the application is made, the applicant is required to pay the fixed and invariable sum of $150 for a license for the unexpired part of the current year; that is, until the 1st of the following January. For example, if the application is made January 1st, he has to pay only $150 for a license for a full year; but if made July 1st, he has to pay the same amount for a license for six months; or, if the application is not made until December 30th, he would still have to pay $150 for a license for a single day. No doubt the city may, for its own con-

venience, make all licenses expire with the current year, by charging for a license for a fraction of a year only a proportionate part of the fee required for a full year. But it has no authority to adopt any such arbitrary and unequal scale of charges as is provided for in this ordinance. The ordinance is clearly void. It is an ungrateful task for courts to be thus constantly declaring municipal ordinances void, but it is inevitable, so long as the municipal authorities continue to enact them without the least regard to the most elementary legal principles.

Order affirmed.

(Opinion published 51 N. W. Rep. 219.)