WILLIAM S. MOORE and Another v. CITY OF ST. PAUL.[1]

June 25, 1895.

Nos. 9346—(146).

**Intelligence Offices—License—Ordinance.**
Ordinance No. 766 of the city of St. Paul entitled "An ordinance to provide for the licensing," etc., "of intelligence and employment agents," etc., is void in toto; at least, unless its objectionable provisions can stand as amendments to the prior ordinance (No. 759) on the same subject.

**Same.**
If invalid in toto, it leaves the prior ordinance (No. 759) in full force.

**Same.**
This prior ordinance (No. 759), entitled "An ordinance relating to certain licenses," is valid.

Appeal by defendant from an order of the district court for Ramsey county, Kerr, J., granting plaintiffs' motion for a new trial. Reversed.

*Edward J. Darragh* and *Hermon W. Phillips*, for appellant.
*Steele & Rees*, for respondents.

MITCHELL, J. This was an action to recover moneys alleged to have been illegally exacted from the plaintiffs by the defendant city as license fees for conducting an intelligence and employment office during the years 1887, 1888, 1889, and 1891, respectively.

[1] Reported in 63 N. W. 1087.

Authority to regulate and license such offices and agents was given to the city by Sp. Laws 1887, c. 48, § 3, passed February 22, 1887.   Pursuant to this authority, the common council of the city, on March 15, 1887, passed Ordinance No. 759, set out in the defendant's answer.   On April 19, 1887, the common council passed, on the same subject, Ordinance No. .766, set out in the plaintiffs' complaint, which, by its terms, repealed all inconsistent ordinances, or parts of ordinances.   In Moore v. City of St. Paul, 48 Minn. 331, 51 N. W. 219, we held this latter ordinance void, in that, while making all licenses expire on January 1 next after their issue, it exacted from every licensee a fixed and unalterable sum of $150, regardless of the time of year his license was issued.

If, when the city officials demanded these license fees from plaintiffs, there was no valid ordinance authorizing it, the evidence was, in our opinion, such as to justify, if not require, a finding that the moneys were not paid voluntarily, but under duress.   On the other hand, if there was in force a valid ordinance authorizing the city to exact such license fees, the plaintiffs cannot recover; and if one of these ordinances was valid, and the other invalid, it would be wholly immaterial with reference to which of the two the city made the demand, or the plaintiffs made the payment.   It is enough if there was in fact a valid ordinance authorizing the city to exact, and requiring the plaintiffs to pay, the fees.

The respective counsel have argued the case on the following lines:   Counsel for plaintiffs contend (1) that under the decision in Moore v. City of St. Paul, supra, Ordinance No. 766 is only void in part,—that is, as to those persons from whom license fees are demanded some time after the beginning of the year,—but that it would be valid as to those who pay at the commencement of the year, and hence obtain a license for a full year, and therefore the repealing clause is effectual to repeal the prior ordinance (No. 759); (2) conceding that Ordinance No. 766 is void in toto, Ordinance No. 759 is itself void.   The contention of defendant's counsel is that Ordinance No. 766 was void in toto, and therefore left Ordinance No. 759 in full force, and that this latter ordinance was valid, and authorized the collection of this license fee.

Ordinance No. 766 cannot be held partly void and partly valid, depending on the time of year a person applies for his license.

The vice in the ordinance goes to the entire scheme of fixing the license fee at a fixed and uniform sum, regardless of the length of time for which the license is granted. Hence it is void in toto, unless it can be treated as merely amendatory of the prior ordinance (No. 759), and its unobjectionable provisions separated from the invalid ones, so that the former can stand as amendments to such prior ordinance,—a view of the case not suggested by either counsel. But in either view there would remain a valid ordinance, and the result would be the same.

If Ordinance No. 766 was void in toto, then the prior ordinance remained in full force. Meyer v. Berlandi, 39 Minn. 438, 40 N. W. 513. While Ordinance No. 759 is very loosely drawn, yet we do not think that any of plaintiffs' objections go to its validity. It is not subject to the objection found to exist in Ordinance No. 766. We construe the expression, "shall pay annually," etc., in the first section, as providing for and authorizing the granting of a license for a full year from the date of its issue, regardless of the time of year when it is granted; and we have neither been referred to, nor found, any provision in the city charter requiring licenses to expire on January 1. The suggestion that the ordinance applies only to persons who were engaged in business at the date of its passage is an unfounded verbal criticism. The fact that it contains no provisions requiring the bonds of licensees to be approved, or imposing a penalty for its violation, might render it less effectual to protect the public, and more difficult of enforcement, but does not make it invalid. It is not necessary that it should expressly provide that it was applicable to the city of St. Paul. That is implied. Neither is it important that "it does not provide that a license shall be issued." The document commonly called a "license" is but the evidence of the license or permission to carry on a particular business, and is not essential to the existence of the authority itself.

The title, "An ordinance in relation to certain licenses," is sufficient. The conclusions of law of the trial judge were not only correct, but were the only ones that would have been justified by the facts, and it is not material that he may not have arrived at them by the same line of reasoning which we have adopted.

Order granting a new trial reversed.

Upon application for a reargument, the following opinion was filed July 10, 1885.

MITCHELL, J.    The sole ground upon which plaintiffs ask for a rehearing is that, owing to an error in the paper book, the court overlooked the fact that the city made all licenses expire on December 31 of each year, and in each instance exacted from the plaintiffs the full sum of $150 as a license fee for the remainder of the calendar year.

This does not go to the validity of Ordinance No. 759, but merely amounts to a claim that the city overcharged the plaintiffs for the time for which the respective licenses were issued.    The case therefore stands thus:    There was a valid ordinance requiring the plaintiffs, while engaged in the business of employment agents, to pay an annual license fee of $150.    They were, as the record shows, continuously engaged in this business during the whole of each of the calendar years in which this license fee was exacted, and therefore ought to have paid to the city all that they did pay.    But as they neglected their duty, and carried on the business during the first part of each year without a license, and did not pay their license fee until demanded by the city, after a part of the year had expired, they now seek to take advantage of their own neglect, and recover the money paid.    The mere statement of the facts is a sufficient answer to plaintiffs' contention.

Application denied.