PASCOE, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 10—March 6, 1928.*

*Licenses: To sell non-intoxicating liquors: Validity: License which does not describe premises: Search without warrant.*

1. Under sub. (29), sec. 165.01, Stats. 1925, providing that a license for the sale of non-intoxicating liquors "shall expire the thirtieth day of June thereafter," that is, after the license is granted, a license granted by a vote of the common council on June 29, 1926, which by its terms licensed defendant to sell non-intoxicating liquors from July 1, 1926, to June 30, 1927, did not expire on June 30, 1926. p. 349.

2. Where there was an official record of the action of the city council in granting the license, the license was a right conferred on the licensee, of which the paper was but evidence. The paper was not essential to the existence of authority, and it is only when the writing is the sole evidence of the grant that the document itself constitutes the license. pp. 349, 350.

3. Where the proceedings leading up to the granting of a license to sell non-intoxicating liquors were regular, but the license itself did not designate the specific premises, the defendant had a valid license, and enforcement officers might search his place without a search warrant under sub. (30a), sec. 165.01, Stats. 1925. p. 351.

ERROR to review a judgment of the county court of Iowa county: ALDRO JENKS, Judge. *Affirmed.*

Judgment finding *Glenn Pascoe* guilty of a violation of the state prohibition law on December 27, 1926, was entered May 31, 1927.

For the plaintiff in error there was a brief by *James E. O'Neill* of Dodgeville and *Thomas M. Priestley* of Madison, and oral argument by *Mr. Priestley*.

For the defendant in error there was a brief by *C. H. Knudson*, district attorney of Iowa county, the *Attorney General*, and *J. E. Messerschmidt*, assistant attorney general, and oral argument by *Mr. Knudson* and *Mr. Messerschmidt*.

STEVENS, J. Intoxicating liquor was found on the premises in which defendant conducted a soft-drink parlor. The

search for the liquor was made without a search warrant. The single question presented is whether defendant had a license to conduct a soft-drink parlor so that the enforcement officers could lawfully search his premises without a search warrant pursuant to the provisions of sub. (30a), sec. 165.01, of the Statutes of 1925.

(1) Defendant was granted a license by vote of the common council on June 29, 1926, which by its express terms licensed the defendant to sell non-intoxicating liquors from July 1, 1926, to June 30, 1927. The fact that sub. (29) of sec. 165.01 of the Statutes of 1925 provides that the license "shall expire on the thirtieth day of June thereafter," i. e. after the license is granted, does not lead to the absurd conclusion that the license here in question had expired and become of no effect the day before it became effective by its own express terms.

(2) Sub. (29) of sec. 165.01 requires that the license "shall designate the specific premises" for which such license is granted. Defendant's application for a license did designate the specific premises for which a license was in fact granted to the defendant by the city council. But in issuing the written license the city clerk failed to insert this designation in writing.

"The document commonly called a 'license' is but the evidence of the license or permission to carry on a particular business, and is not essential to the existence of the authority itself." *Moore v. St. Paul,* 61 Minn. 427, 63 N. W. 1087, 1088.

"The word 'license' is used in the statute to signify the intangible right granted to the licensee, as well as to signify the writing signed by the commissioners, which is the instrument and evidence of that grant." *Connecticut B. Co. v. Murphy,* 81 Conn. 145, 70 Atl. 450, 452.

It is only when the writing is the sole evidence of the grant of the privilege that the paper itself constitutes the license. This rule is applied in the case of certificates or

licenses to teach where the writing is the only evidence of the final action taken by the one granting the license or certificate. On the other hand, when the license is granted by the action of a board like a city council, where there is an official record of the action taken, "a 'license'—speaking after the manner of common speech and the statutory meaning given to the word"—is "the valuable intangible right conferred upon the licensee, of which the paper was the recognized token and representative." *Quinnipiac B. Co. v. Hackbarth,* 74 Conn. 392, 395, 50 Atl. 1023.

The identical question here presented was considered in *Goforth v. State,* 60 Miss. 756, where the statute required the license to designate "the particular place" where liquor was to be sold by the licensee. It was held that the provision was directory and that the failure to insert the description in the writing did not invalidate the license, where the place was specifically described in the application and order of the board which granted the license. See, also, Black, Intoxicating Liquors, § 145.

The Massachusetts cases holding that licenses are void unless the writing specified the room or rooms in which liquor was to be sold are distinguished by the fact that the statute prohibited the sale of liquor "in any room or part of the building not specified" in the license. *Comm. v. Cauley,* 150 Mass. 272, 22 N. E. 909, 910.

The defendant did all that he was required to do. He made application in proper form which described "the specific premises." The council acted upon that application and granted a license for the "specific premises" described in the application. We are satisfied that under this state of the record the defendant could not have been convicted for conducting a soft-drink parlor without a license, merely because the clerk has failed to properly perform a ministerial duty in issuing the written evidence of the license which was in fact granted by the city council. The defendant accepted the writing, displayed it in his place of business,

and conducted his soft-drink parlor under the authority granted him by this license.

Now that he faces the charge of violating the law under which his license was granted, he cannot prevent the introduction of evidence that establishes his guilt by asserting that the officers had no right to search his place because the license granted to him, under which he operated his business for six months before the search was made, was invalid simply because the clerk failed to insert a specific description of his place of business in the writing which was merely evidence of the license which was in fact granted to him by the common council.

*By the Court.*—Judgment affirmed.