STATE EX REL. HARRY H. PETERSON v. ALBERT H. ENERSEN.[1]

May 15, 1936.

No. 31,015.

[1]Reported in 267 N. W. 218.

*Harry H. Peterson*, Attorney General, *F. A. Pike* and *Matthias N. Orfield*, Assistant Attorneys General, *Joseph M. Donahue*, and *William D. Gunn*, for relator.

*Stearns, Stone & Mackey*, for respondent.

PER CURIAM.

An action pending in the district court of Ramsey county entitled, "The State of Minnesota, Complainant, v. Tri-State Telephone and Telegraph Company, Defendant, and City of St. Paul and City of South St. Paul, Interveners," upon being assigned for trial to respondent, Albert H. Enersen, a district judge of the ninth judicial district, the attorney general of the state of Minnesota filed an affidavit of prejudice against respondent. The respondent determined that the affidavit was not filed within one day after it had been ascertained that respondent would preside at the trial, and proceeded with the trial; whereupon a writ of prohibition issued requiring respondent to show cause why he should not be prohibited from trying the case.

From the respondent's return it appears that the facts are these: Deputy Attorney General F. A. Pike appears to have had charge of the case for the state. On April 21, 1936, Mr. Pike and an attorney for defendant and the city attorney of St. Paul interviewed the judge of the Ramsey county district court who had charge of the civil calendar to ascertain what procedure was to be followed at the trial, and in connection therewith what judge was to try the case. It was suggested that respondent might be called in to try the case. No objection was then voiced to respondent being so called. After consultation with the other judges it was decided to request respondent to preside at the trial. The attorney general's office was so notified by telephone, an assistant attorney general receiving the message. Afterward, in the afternoon of April 24, 1936, Mr. Pike, in company with one of the defendant's attorneys, went to Minneapolis, where respondent was holding court, and had an interview with respondent as to the course to pursue at the trial, it being an

appeal from an order of the railroad and warehouse commission upon a lengthy record. Respondent informed the attorneys that he could begin the trial on April 29, 1936. The case was formally assigned to respondent for trial on April 27. The affidavit of prejudice was filed April 28. Respondent held that it was not filed in time and proceeded to hear the case.

The attorney general contends that the time for filing an affidavit of prejudice against a judge under 3 Mason Minn. St. 1934 Supp. § 9221, begins to run when an entry is made in the records of the court assigning such judge to the trial. The statute reads:

"Any party or his attorney to a cause pending in a district court having two or more judges, on the first day of a general or special term thereof or within one day after it is ascertained which judge is to preside at the trial or hearing thereof or at the hearing of any motion, order to show cause or argument on demurrer, may make and file with the clerk of the court in which the action is pending and serve on the opposite party an affidavit stating that, on account of prejudice or bias on the part of such judge, he has good reason to believe, and does believe that he cannot have a fair trial or hearing thereof, and thereupon such judge shall forthwith without any further act or proof secure some other judge of the same or another district to preside at the trial of such cause or hearing of motion, demurrer or order to show cause, and shall continue the cause on the calendar, until such judge can be present. * * *"

When the affidavit was filed it became the duty of respondent to determine whether it had been filed within one day after it had been ascertained by the party in whose behalf it was filed that respondent would preside at the trial. If not filed within such time it is ineffectual for any purpose. State v. Irish, 183 Minn. 49, 235 N. W. 625. The respondent's finding that the affidavit was not filed in time must be sustained. Respondent knew personally what had taken place between him and the attorneys for the parties on April 24. It would seem that when Mr. Pike, on the afternoon of April 24, 1936, went with defendant's attorney from the office of the attorney general in the capitol to Minneapolis to interview respondent about

394

the trial he had ascertained that respondent was to preside at the trial. Otherwise, there was no object in the trip. The statute does not state that the ascertainment of what judge is to try the case can only be obtained from court records.

The writ is discharged.

STONE, JUSTICE, took no part in the consideration or decision of this case.

