# CITY OF DULUTH v. MAYNARD La FLEAUR.[1]

April 2, 1937.

No. 31,211.

[1]Reported in 272 N. W. 389.

*William E. Tracy,* for appellant.

*Harry E. Weinberg,* City Attorney, and *John F. Ball,* Assistant City Attorney, for respondent.

HOLT, JUSTICE.

Defendant appeals from a conviction and order denying his motion in arrest of judgment or a new trial.

The charge upon which defendant was tried was for driving a vehicle upon a city street while under the influence of intoxicating liquor, contrary to an ordinance of the city. He was arrested about 1:30 in the afternoon of June 10, 1936, when his Pierce Arrow sedan ran into and damaged three automobiles parked facing west along the north curb of Michigan street just east of Eleventh avenue west, in Duluth. He procured an attorney the same afternoon, was arraigned on the charge mentioned in the municipal court of Duluth before Judge Funck, who received the plea of not guilty, fixed bail, and set the trial for June 18. Judge Funck had charge of and tried the criminal offenses for the month of June. On June 18 defendant appeared in court with a different attorney and asked for a continuance of the trial, claiming inability to find the young man who, according to defendant's assertion, drove the car at the time of its collision on Michigan street. Defendant desired a somewhat lengthy continuance. The court granted one until the 19th of June. On the 19th of June defendant filed an affidavit of prejudice against Judge Funck. And also at the same time he and his attorney filed affidavits to disqualify Judge Funck on the ground of interest and bias. The first affidavit was held not filed in time and the others insufficient. The trial resulted in a conviction.

Our attention has not been called to any provision in the Duluth municipal court act authorizing the filing of an affidavit of prejudice. 2 Mason Minn. St. 1927, § 9221, does not appear to cover judges of a municipal court; but, that aside, the affidavit was not filed in time. The arraignment and plea were before Judge Funck on June 11. He set the case for trial on June 18. Both defendant and his attorney knew of the practice in the municipal court of Duluth that two judges thereof alternate every month in the trial

of civil and criminal cases, hence, that Judge Funck was assigned to try the criminal cases for the month of June. The case being set to be tried by Judge Funck on June 18, it was too late to file the affidavit under § 9221 on the 19th of June. State v. Irish, 183 Minn. 49, 235 N. W. 625; State ex rel. Peterson v. Enersen, 197 Minn. 391, 267 N. W. 218. The affidavits attempting to disqualify Judge Funck under § 9218, on the ground of interest and bias, are clearly insufficient. See State v. Ledbeter, 111 Minn. 110, 126 N. W. 477.

Complaint is made because a longer continuance was not granted defendant to enable him to locate and produce a witness who, defendant asserts, drove the car for him on June 10, when, as stated, it was run into the cars parked on Michigan street. Defendant was given more than a week in which to prepare for trial. This was a matter largely within the discretion of the court, and certain it is that no abuse of judicial discretion is shown by the record herein.

The ordinance under which defendant was convicted is attacked as invalid because it purports to cover all highways. The ordinance should be construed as applicable only to the highways located within the limits of the city of Duluth. In Moore v. City of St. Paul, 61 Minn. 427, 429, 63 N. W. 1087, it was said of an ordinance: "It is not necessary that it should expressly provide that it was applicable to the city of St. Paul. That is implied." This ordinance could have no effect outside the limits of Duluth.

One of the defenses was that another person, hired by defendant to drive his Pierce Arrow, was driving at the time the offense charged was committed. Defendant was of course permitted to testify that he did so hire a young person he found just outside the hotel where defendant and his companion, Mrs. King, had lunched, to drive the car for him to West Duluth to see a friend, and then on a fishing trip along the north shore of Lake Superior. But when asked what his custom had been in regard to hiring drivers, the objection that it was immaterial was sustained. Thereupon defendant offered to prove that he had on numerous occasions

in Duluth and elsewhere hired drivers from garages and by picking up young men of high school age to drive his car. The offer was rejected as immaterial. These rulings are assigned as erroneous. Defendant admitted that the Pierce Arrow was his car, that he had owned it for some time, was a capable driver, and drove it himself from his home at Champlin, Hennepin county, to Duluth. The offer did not go to the extent that he always hired a driver when using his car in a city. But whether or not he was in the habit of hiring persons to drive him about in Duluth and elsewhere does not bear on the issue whether at this time defendant was doing the driving. It was at most an offer of proof on a collateral issue, and well within the control of judicial discretion. We think the ruling excluding the offer as immaterial was right; the offer goes to raise a collateral issue. 2 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 3241.

The last proposition presented by the assignments of error is that the conviction is not supported by the evidence. The admitted fact that in broad daylight, upon a level, dry street, a car is so driven that it strikes and damages three cars parked along the right curb of the street, pushing one of them up over the curb, tends to prove that something was wrong with the driver. A trucker, walking toward his truck on the opposite side of the street testified that as he heard the crash of the collision he looked in that direction and saw defendant under the steering wheel of the Pierce Arrow; that defendant backed it a short distance and then got out and went on the other side to look at the damage done. Two police officers, notified of the accident, came up in a few minutes, talked with defendant, and arrested him. They testified that defendant admitted that he was the driver of the Pierce Arrow and that he had been drinking. They also testified that in their opinion defendant was drunk or under the influence of liquor. Defendant himself, though denying that he was drunk, testified that he had one drink of whisky about 11 o'clock and two with his lunch. Mrs. King corroborates defendant as to the two drinks at lunch and also as to his not being under the influence of liquor. But the court might doubt the value

of her opinion, since she also had two highballs, or whiskies, as defendant testified, during the luncheon. We think the evidence justified the court in finding that defendant was under the influence of liquor on the afternoon of June 10, 1936, as he drove his sedan on Michigan street, in Duluth, against the cars parked at the curb to his right. It is not to be wondered at that the court should have looked upon defendant's story of a hired driver, first uttered on the 18th of June, as a fairy tale. Defendant testified that he was well capable of driving his car and had his driver's license with him. Coming out from his hotel after the lunch, he sees a young man standing without a coat, an entire stranger. He hires him to drive the car on a fishing trip, but does not ask his name nor inquire concerning his residence, his ability to drive, or his driver's license. Defendant himself is wearing a top coat, and Mrs. King is wearing an outer wrap or coat, and still this young driver is employed to go without a coat on a fishing trip on the north shore of Lake Superior, in the first part of June, when the weather is apt to turn suddenly. very cold. The story seems strange that a driver should be desired under all the circumstances.

The judgment and order are affirmed.