## STATE EX. REL. MINNEAPOLIS GAS LIGHT COMPANY v. MINNESOTA TAX COMMISSION.[1]

April 28, 1916.

Nos. 19,808—(20).

**Taxation — classification of property — gas mains not machinery.**

1. The mains, pipes and conduits used and employed by the Minneapolis Gas Light Company for the distribution of gas to its patrons, do not come within the expression of "tools, implements and machinery" as used in class 3 of chapter 483, Laws 1913, and are properly assessed for taxation under class 4 of that statute.

Upon the relation of the Minneapolis Gas Light Company this court granted its alternative writ of *certiorari* directed to Samuel Lord, J. G. Armson and James T. Hale, as the Minnesota Tax Commission, to review the proceedings of that commission in the matter of the application of relator to the county board and county auditor of Hennepin county and to the Minnesota Tax Commission for a reduction of assessed valuation of personal property. Discharged.

*Cobb, Wheelwright. & Dille and Thomas F. Fitzpatrick,* for relator.

*Lyndon A. Smith, Attorney General, and Egbert S. Oakley, Assistant Attorney General,* for respondent.

BROWN, C. J.

*Certiorari* to review an order of the state tax commission in the matter of the assessment for taxation of certain of relator's personal property. The facts are substantially as follows:

[1] Reported in 157 N. W. 638.

Relator is a corporation duly created and existing under the laws of the state, and as such is engaged at its place of business in the city of Minneapolis in manufacturing illuminating gas and selling and delivering the same to the public for general use. The manufacturing plant is equipped with all necessary machinery and appliances, and the company employs in the transportation and delivery of the gas to the trade certain mains, pipes and conduits, laid in the streets of the city. These mains, pipes and conduits were listed by the assessor under class 4, of chapter 483, p. 710, Laws 1913, as property not included within either of the other classes as designated by that statute. An application was made to the local board of equalization for a reduction of the assessment and a transfer thereof to class 3, on the ground that relator is a manufacturing corporation, and that the mains, pipes and conduits, so assessed under class 4, are employed and used by the company in the course of its manufacturing business, and come within class 3, as manufacturer's tools, implements and machinery. The matter was certified to the state tax commission, where after due consideration the application was denied and the assessment approved.

The sole contention is that the property, "mains, pipes and conduits," here taxed under class 4, come within the designation "tools, implements and machinery, whether fixtures or otherwise," specified in class 3, and form a part of relator's manufacturing plant, taxable as such under class 3.

The question whether articles of property of the character of those here involved come within the designation of "tools, implements and machinery," within the meaning of the tax classification statute, was decided adversely to relator's contention in the case of State v. Minnesota Tax Commission, 128 Minn. 384, 150 N. W. 1087. That decision would seem conclusive here, unless a different meaning is to be given the expression when applied to a manufacturing corporation. We discover no sufficient reason for such a distinction. In the case referred to the street railway company owned certain mains, poles, overhead wires and underground conduits, which it sought to have taxed under class 3, on the ground that all thereof came within the designation of "tools, implements and machinery." The claim was not sustained, and for the reasons stated in the opinion in that case. The case is parallel with

that at bar, for we fail to find a distinguishing feature in the fact that relator in the case at bar is a manufacturing corporation. Mains, conduits and pipes used and employed for the delivery of gas to consumers form no necessary part of the plant operated in producing the commodity thus transmitted. No more so than the drays, trucks or other instrumentalities used by manufacturers in the delivery of manufactured articles from the factory to the trade. It may be conceded that relator is a manufacturing corporation, and that the mains, pipes and conduits owned by it are necessary agencies in the transmission and delivery of its gas to consumers. But they form no part of the manufacturing machinery, nor do they directly or indirectly aid or assist in producing the gas. .They serve only as means of distributing the completed product. And if such articles of property, as to a nonmanufacturing corporation, are not tools, implements and machinery, within the meaning of the statute, no sound reason can be given for extending the expression when applied to a manufacturer. We therefore follow the construction of the statute as given in State v. Minnesota Tax Commission, supra.

The authorities cited by counsel for relator, namely, Comn. v. Lowell Gas Light Co. 12 Allen (Mass.) 75; Washington Gas Light Co v. District of Columbia, 161 U. S. 316, 324, 16 Sup. Ct. 564, 40 L. ed. 712; Wells v. Christian, 165 Ind. 662, 76 N. E. 518, and Shelbyville Water Co. v. People, 140 Ill. 545, 30 N. E. 678, 16 L.R.A. 505, did not involve the construction of a tax classification statute like that in the case at bar, and are not in point. Our conclusion is supported by Covington Gas Light Co. v. City of Covington, 84 Ky. 94; Consolidated Gas Co. v. Baltimore, 62 Md. 588, 50 Am. Rep. 237, and Kentucky Elec. Co. v. Buechel, 146 Ky. 660, 143 S. W. 58, 38 L.R.A.(N.S.) 907, Ann. Cas. 1913 C, 714.

The order of the tax commission is sustained, and the writ discharged. It is so ordered.