MUTUAL BENEFIT LIFE INSURANCE COMPANY v. COUNTY OF MARTIN.[1]

May 8, 1908.

Nos. 15,569—(113).

**Mortgage Registry Tax.**

Chapter 328, Laws 1907, known as the mortgage registry tax law, is constitutional. It provides for a proper classification of the subjects of taxation and for a uniform tax upon the subjects of the class.

**Same.**

The subject of taxation under this statute is the security and not the debt secured.

**Extension of Mortgage.**

The registry tax must be paid upon the filing for record of an agreement for an extension or renewal of the mortgage.

**Percentage on Premiums.**

The two per cent. paid annually on all premiums received in the state by a foreign insurance company doing business in the state, as provided by R. L. 1905, § 1625, is not a tax on the gross earnings of the company. Real and personal property owned by such a corporation within the state are taxable the same as like property of individuals.

**Foreign Insurance Company not Exempt from Registry Tax.**

A foreign insurance company which has paid the two per cent. tax required by R. L. 1905, § 1625, is not exempt from the payment of the registry tax required by chapter 328, Laws 1907, upon the filing for record of a real estate mortgage owned by it.

The county treasurer of Martin county being unable to determine whether plaintiff company was entitled to record a certain agreement

[1] Reported in 116 N. W. 572.

for the extension of a mortgage in its favor without payment of the registration tax required by Laws 1907, c. 328, the treasurer indorsed the fact of his uncertainty upon the instrument and the company paid the amount of the tax to the clerk of the district court for that county. The plaintiff having brought the hearing of the matter whether the amount should be repaid to it before the district court, the facts being stipulated, the court, Quinn, J., made findings and ordered that the proceeding be dismissed and judgment be entered in favor of defendant. From this order, plaintiff appealed. Affirmed.

*Stuart & Finstad* and *Lane & Waterman,* for appellant.

*E. T. Young,* Attorney General, *J. E. Palmer,* County Attorney, and *E. C. Dean,* for respondent.

ELLIOTT, J.

This is an appeal from an order denying the right of the appellant to the return of certain money paid by it to the clerk of the district court under the provisions of chapter 328, p. 448, Laws 1907.

The Mutual Benefit Life Insurance Company, a foreign corporation, with its home office in Newark, New Jersey, engaged in business in Minnesota under the authority of the laws of this state, as required by section 1625, R. L. 1905, on March 1, 1907, paid to the state treasurer of the state of Minnesota a sum equal to two per cent. of all premiums received in cash or otherwise by it in Minnesota for business done within that state for the year 1906. Ever since its execution the company has been the owner of a certain mortgage upon real estate located in Martin county, Minnesota, given to secure the payment of a promissory note for the sum of $2,500, payable April 1, 1907. The mortgage bore date of August 15, 1902, and was duly recorded in the office of the register of deeds in and for Martin county. On June 5, 1907, the insurance company executed an extension agreement whereby it extended the time for payment of the note for a period of five years from the maturity thereof. This extension agreement was on July 24, presented to the county treasurer of Martin county, Minnesota, with the request that the treasurer indorse the agreement for extension as "exempt from registration taxes" in order that the mortgagee might have the extension agreement filed and recorded in the office of the register of deeds of Martin county, with-

out the payment of the registration tax provided for by chapter 328, p. 448, Laws 1907. The insurance company claimed that the agreement for the extension of the mortgage was exempt from the payment of any tax, and, the county treasurer being unable to determine the question so certified, the mortgagee thereupon paid the amount of the tax claimed to the clerk of the district court for Martin county to abide the order of the court. The insurance company then applied to the district court for an order requiring the clerk to return the money which it had thus deposited. A hearing was had upon the motion, and the court made findings of fact and conclusions of law, and thereon ordered judgment to the effect that the company was not entitled to the relief asked for. The court thus held that the registration tax should be paid.

The statute contemplates that the right to the return of the money thus deposited with the clerk of the court shall be determined upon motion. The making of findings of fact and conclusions of law is not required; but as the appellant elected to treat the order for judgment as equivalent to an order determining a motion, and appealed from it as such, the irregular practice may be disregarded.

The appellant attacks the constitutionality of chapter 328, p. 448, Laws 1907, upon various grounds, and claims that, even if the statute is constitutional, it does not apply to an agreement extending the time for the payment of a debt secured by a mortgage upon real estate, and, further, that this insurance company, having fully complied with R. L. 1905, § 1625, is exempt from the operation of the registry statute.

The amendment to article 9 of the constitution of the state (chapter 168, p. 216, Laws 1905), which was adopted at the 1906 general election, provides that "taxes shall be uniform upon the same class of subjects and shall be levied and collected for public purposes." This amendment removes some of the restrictions which were imposed upon the legislature by the constitution as it stood before the adoption of the amendment. It provides for the classification of the subject-matter of taxation, and requires that taxes shall be uniform upon the subjects of the particular class upon which they are imposed. In making a classification the legislature has a very wide range of discretionary power. The classification must be reasonable, and such as

is suggested by essential differences of nature, situation, or circumstances, or by characteristics, which make it desirable on grounds of public policy to apply to the members of the class a particular method of taxation, and impracticable to apply thereto the ordinary methods of taxation. This mortgage registry tax statute declares that mortgages upon real estate shall constitute a class, and provides for the taxation of the security thus provided through the payment of a stated fee when the mortgage is recorded. The subject of the taxation is the security and not the debt which it secures. Whatever is of value to a person may be made the subject of taxation. It may be real estate or personal property, securities or privileges, and the tax should be imposed upon the possessors of such property in proportion to their ability to aid in bearing the burdens which result from the existence of organized society.

The right to possess and enjoy property is secured by law. This protection is extended to all by general laws; but by particular statutes the state often enables the owners of property to secure special protection therefor upon compliance with certain prescribed conditions. Thus, A. has $1,000 in cash, which he loans to B., and the law protects his rights in B.'s obligation to repay. But B.'s responsibility may be questionable, and A. may further protect himself by causing a lien to be created upon the real estate belonging to B. Thus, by a transaction collateral to that out of which the debt grew, A. secures absolute security for the return of his property according to the promise of his debtor. Under our system the land is not conveyed. It is merely pledged as security. The state has thus enabled A. to secure something of special value under conditions imposed by a statute designed primarily for his benefit. There can be no doubt of the right of a state to tax the benefit which its laws enable a person to secure, and which cannot be secured without the aid of such laws. The state may tax this species of property, which it calls a "mortgage lien," as it may tax the right to succeed to an inheritance, and measure the amount of the tax by the money secured or inherited.

There were good and sufficient reasons why a special method should be devised for the taxation of this kind of property. It is a notorious fact that the owners of securities in the form of bonds and notes have not been in the habit of paying their proportionate share of the taxes.

This has been due in a measure to the ease with which the existence of such property can be concealed from the tax officials. But when the owner of a note takes a mortgage on real estate as security, and places it upon the public records, he exposes his ownership—at least, his ostensible ownership—and enables the assessor to reach him. The perfect security afforded by a good real estate mortgage makes it necessary for the owner to accept a low rate of interest, and the adequate net returns, after paying taxes in the ordinary way, often result in practical confiscation. The owner is thus tempted to seek some devious method for escaping taxation, in order that he may be on an equality with the owner of an unsecured note or bond, which rests undiscovered in a safety deposit vault. The mortgage is therefore taken in the name of a nonresident, or the money is sent to another state, and there loaned in the name of the true owner. Experience has shown that it is very difficult, if not impossible, to fairly and successfully tax this kind of property under the system ordinarily applied to personal property. This practical difficulty alone furnishes a basis for a classification, and justifies the legislature in devising a special method for the taxation of the subjects of that class. To a certain extent the method provided in the statute under consideration recognizes the justice of the claim that taxing mortgages according to the ordinary methods results in inequality and injustice, and constitutes a constant temptation to fraud whereby the honest and the innocent are made to suffer. By requiring a registration tax, every mortgage security pays a moderate tax, and this, in the judgment of the legislature, is preferable to the certain uncertainties of the old system.

It is contended that the method thus provided violates the constitutional requirement that taxes shall be uniform upon all subjects of the same class. Under this provision all property belonging to the same class must be treated alike. There must be no discrimination between the subjects of that class. The same means and methods must be applied impartially to all the constituent elements of the class. The amount of the debt secured by the lien furnishes the normal and natural standard for measuring the amount of tax which shall be paid when a mortgage is recorded under this statute. The manner in which the value of the lien is to be determined must necessarily be left to the legislature, and it certainly seems reasonable to take for this purpose

the face value of the debt secured; that is, the valuation declared by the parties themselves. The attempt to make the actual, instead of the face, value of the security the basis for estimating the tax, would be utterly impracticable. Mortgage A and mortgage B, each for $1,000, may in fact be of very different value, determinable only after a minute examination into the personal responsibility of the mortgagors and the value of the real estate. Mortgage A may secure the payment of the note of a maker of unquestionable solvency, and be a first lien on real estate of many times the value of the face of the obligation. Mortgage B may secure the debt of an insolvent, and be a third lien upon real estate of uncertain value. Innumerable conditions and contingencies would thus have to be taken into consideration before the actual value of the mortgages could be determined.

The statute requires the payment of a fee of fifty cents for each $100 of the debt secured, regardless of the time when the debt matures. The security is regarded as the same, whether the debt is payable in one or in ten years; and as the tax is on the security, and not on the money secured, it operates uniformly upon all the subjects of the class. The provision that, if any mortgage shall describe any real estate situated outside of the state, the tax shall be imposed upon such proportion of the whole debt secured thereby as the value of the real property therein described, situated in this state, bears to the value of the whole of the real estate described therein, instead of being a ground of objection to the statute, is in fact made necessary by the requirement of uniformity. As the tax is imposed upon the security, and not the debt, there would have been an absence of uniformity, if the statute had not provided for the reduction of the tax in proportion to the value of the foreign security not taxable in this state.

R. L. 1905, § 1625, provides that every foreign life insurance company doing business in this state shall pay annually a sum equal to two per cent. of all premiums received by it in this state in cash or otherwise during the preceding year, and that this payment shall be in lieu of all other taxes except those upon real and personal property owned by it in this state, which shall be taxed the same as like property of individuals. Section 3, c. 328, p. 449, Laws 1907, the act under consideration, provides that "this act shall not apply to mortgages taken in good faith by persons or corporations whose per-

sonal property is expressly exempted from taxation by law, or is taxed upon the basis of gross earnings, or other methods of commutation in lieu of all other taxes." The two per cent. on the amount of the premiums received, required by R. L. 1905, § 1625, is not a tax on the gross earnings of the insurance company. It is computed only upon the income from premiums received by it in this state. Such premiums may constitute but an insignificant portion of the gross earnings of the company, even from business transacted by the company within the state. A foreign insurance company may practically cease writing insurance within the state, and thus reduce its income from premiums to an insignificant amount, and yet invest millions of dollars within the state and receive a large income therefrom. Its investments would be represented by real or personal property within the state, and subject to taxation by the ordinary methods. The subject of taxation under the registry tax law is either "real or personal property owned by it within the state," and is subject to taxation the same as the like property of individuals. As this property has not been taxed in any other manner, the objection that the payment of the registry tax would result in double taxation is without merit.

An agreement to extend a mortgage is an instrument creating or evidencing a lien, and is therefore a mortgage, within the meaning of the word as defined in this statute. The effect of the renewal is to create a lien distinct from and in addition to that created by the original mortgage. For illustration, a mortgage due January first will remain in force for fifteen years thereafter. If on the date of its maturity the mortgage is renewed for a period of five years, the date when the statute of limitations begins to run is postponed, and the lien thereby extended, for five years. The lien during this five years owes its existence to the renewal agreement, and therefore is not only created, but is also evidenced, thereby.

Order affirmed.