STATE ex rel. F. R. MUDEKING v. W. R. PARR.[1]

November 26, 1909.

Nos. 16,270—(30).

**Act Unconstitutional — Class Legislation.**
　　Chapter 248, Laws 1909, entitled "An act to tax the occupation of and to license hawkers, peddlers and transient merchants, and defining said occupations," is unconstitutional as a police regulation, being class legislation, and is prohibited by sections 33 and 34, article 4, of the constitution.

**Same — Unequal Taxation.**
　　The act is also unconstitutional as a tax measure, in that the tax imposed on the occupation of peddling does not fall equally and apply uniformly on all members of the class, as required by the amendment to article 9 of the constitution.

F. R. Mudeking having been arrested and imprisoned for an alleged violation of chapter 248, Laws 1909, obtained from the district court for Winona county a writ of habeas corpus directed to the sheriff of that county, on the ground that his imprisonment was unlawful and that chapter 248 was unconstitutional. The matter was heard before Snow, J., who ordered the release of relator. From that order, defendant appealed. Affirmed.

　　*George T. Simpson,* Attorney General, *Earl Simpson,* County Attorney, *O'Brien & Stone* and *Young & Stone,* for appellant.

　　*Webber & Lees,* for respondent.

　　*A. J. Daley,* by consent, filed a brief in favor of relator.

LEWIS, J.

Relator, having been arrested for violating the provisions of chapter 248, p. 293, Laws 1909, sued out a writ of habeas corpus, alleging that his imprisonment was unlawful for the reason that the law was unconstitutional.

Section 1 defines hawkers and peddlers as follows: "Every person traveling from house to house for the purpose of offering for sale

[1]Reported in 123 N. W. 408.

any article of merchandise, either for immediate or future delivery or according to sample is hereby declared to be a hawker and peddler." The same section defines a transient merchant to be a person, corporation, or copartnership exposing and offering for sale at retail in any city or village, goods, wares, and merchandise, unless the carrying on of such business is in pursuance of an intention to maintain and carry on the same permanently.

Section 2 provides how a license may be taken out by hawkers and peddlers, and establishes the rate to be paid upon the basis of $50 for a wagon or other vehicle drawn by two or more horses, or other beasts of burden, or propelled by any mechanical power, $25 for a wagon or other vehicle drawn by one horse or other beast of burden, and $10 when carrying on the business by means of a push or hand cart, or on foot by means of pack, basket, or other way of carrying merchandise on foot.

Section 4 provides that a transient merchant is required to pay into the state treasury the sum of $150 upon application for a license, and by section 5 no person, copartnership, firm, or corporation shall carry on the business of transient merchant in more than one place in this state at the same time.

Section 6 reads: "Nothing in this act contained shall be construed as prohibiting or in any way limiting or interfering with the right of any city, village or other municipal corporation or governmental subdivision of the state to regulate or license the carrying on within such municipality of the business of hawker or peddler or transient merchant in any case where authority has been or shall hereafter be conferred upon it so to do, but the requirements of this act shall be in addition thereto."

Section 9: "The provisions of this act shall not apply to persons engaged in interstate or foreign commerce, nor to the sale of articles which at the time of such sale are the subjects of interstate or foreign commerce, nor to the salesmen of wholesale merchants or manufacturers in selling to retail merchants, nor to the solicitation by permanent merchants or their employees of orders from customers resident in the same or the adjoining county as such permanent merchant, nor to any sale made by virtue of any judgment, order or

process of any court or upon the foreclosure of any mortgage or pursuant to any law of this state or of the United States, or in the enforcement of any contract right or lien, nor to the sale by any individual of any article grown [or] produced by him."

Section 10: "No license under this act shall be required of any person for carrying on his business or calling in any city of this state having a population of 50,000, or over, when he has been duly licensed thereto by such city."

At the time of the passage of this act it had been held in State v. Wagener, 69 Minn. 206, 72 N. W. 67, 38 L. R. A. 677, 65 Am. St. 565, that the distinction attempted to be made by chapter 107, p. 192, Laws 1897, between peddling by any manufacturer, mechanic, nurseryman, farmer, and butcher, and the peddling of the same article by the purchaser from such parties, did not constitute a proper basis for classification. It had also been decided in the case of City of St. Paul v. Briggs, 85 Minn. 290, 88 N. W. 984, 89 Am. St. 554, that the common council of the city of St. Paul had no authority to prevent the agent of a wholesale dealer from selling and delivering goods to dealers only. And in State v. Jensen, 93 Minn. 88, 100 N. W. 644, it had been decided that an ordinance of the city of Minneapolis, requiring peddlers to take out a license, applied to farmers and producers growing and selling their own produce, as well as to peddlers who purchased their stock.

The constitutional amendment (section 18, art. 1) had also been adopted. It reads: "Any person may sell or peddle the products of the farm or garden occupied and cultivated by him without obtaining a license therefor."

Chapter 248, Laws 1909, was doubtless drawn with reference to these decisions and the amendment, and, while objections heretofore under consideration may have been cured, new features were introduced, which present a new phase of the subject of classification. The subject-matter of the act is divided into three heads: Hawkers and peddlers, transient merchants, and permanent merchants. As stated in City of St. Paul v. Briggs, supra, a peddler is one who carries his merchandise with him, traveling from place to place and from house to house, exposing his good

for sale and selling them.    The 1909 act declares a person to be a hawker or peddler who travels from house to house for the purpose of selling by sample, or for future delivery.    An actual sale is not necessary.    It is not clear, from the language of section 1, that it was intended to do away with the itinerant element of the peddling business, and to make the law apply to all persons who take orders from house to house, including merchants who have fixed places of business.    If no change was made in this respect, then section 1 defines a hawker or peddler as follows: (1) He has no fixed place of trade, but travels from place to place and from house to house.    (2) He is a hawker or peddler, although he sells by sample, and does not carry his wares with him.    (3) He is a hawker and peddler, even if he does not make an immediate sale, but enters into an executory contract for a future sale for future delivery.    Accepting this construction, is the classification proper?

Permanent merchants are those who have a permanent place of business, and transient merchants are transitory or temporary traders who have no intention of locating permanently.    This distinction is marked, and is determined by the manner in which the selling of goods is conducted.    It is a matter of common knowledge that the practice of opening a temporary place of business for the purpose of selling goods under the excitement created by extraordinary advertising naturally tends to induce the ignorant and unwary to purchase goods of a questionable character and at exorbitant prices. That there should be some reasonable regulation of this sort of traffic has now become well recognized, and laws to that effect have been adopted in many of the states.    The act of 1909 expressly prohibits transient merchants from conducting business in any village or city in the state; but there are no restrictions against locating and selling outside the corporate limits of such municipalities.    A transient merchant may locate in the country, or adjacent to a village or city, and without a license sell his goods in any quarter of the state, save cities and villages, by sample, or by taking orders for future delivery.    He is not a hawker or peddler, because he has a fixed place of dealing, from which he conducts operations.    So considered, the act discriminates against permanent merchants, who are

restricted in the solicitation of orders from their customers to the territory designated.

But if we take the other view, and hold that section 1 does away with that well-established and peculiar characteristic of peddlers, viz., of having no fixed place of business, and that all merchants, transient and permanent, who solicit orders for future delivery, by sample or otherwise, are included within the term "hawkers and peddlers," then we are met with the objection that transient and itinerant merchants are discriminated against in favor of permanent merchants, because the latter are at liberty to pursue that method of extending business within certain limits without a license, whereas the former are absolutely prohibited. Undoubtedly the legislature may legitimately make a distinction between dealers who have no fixed place of business and those merchants who become identified with some particular locality as permanent citizens, and we are not prepared to condemn this act simply because it discriminates in favor of permanent merchants, even by granting them limited privileges to "peddle." However that may be, there should be no discrimination between permanent merchants.

Any interference with the competition which naturally exists among merchants in their effort to secure business is a doubtful policy, unless made necessary in the exercise of police control. In this instance the regulation of the method of soliciting business seems not to be the primary object. The state is divided into many divisions, in each of which the merchants located therein are at liberty to solicit trade for future delivery. But the doors are closed to all other merchants of the state. The basis of classification is residence within a prescribed division of the state, the immediate effect of which is to protect such resident merchants from competition from the outside, or to deny them the privilege of entering more promising territory than their own and adjacent counties. The object of this class of legislation is to regulate the business of selling goods from house to house—peddling, as it is commonly known—so that it will not become a public nuisance. Does this scheme tend to accomplish that result? To use the illustration employed at the argument: Is it any less a nuisance to the householders of Winona coun-

ty, and adjoining counties, to be solicited for orders by a Winona house furnishing company, than to be similarly solicited by a Minneapolis furnishing company?

One of the fundamental rules controlling legislation of this character is that it must act uniformly upon all within the class. Nichols v. Walter, 37 Minn. 264, 270, 33 N. W. 800; Lavallee v. St. Paul, M. & M. Ry. Co., 40 Minn. 249, 252, 41 N. W. 974; State v. Ritt, 76 Minn. 531, 534, 79 N. W. 535; Murray v. Board of Commrs. of Ramsey County, 81 Minn. 359, 84 N. W. 103, 51 L. R. A. 828, 83 Am. St. 379; State v. Justus, 90 Minn. 474, 97 N. W. 124. This law does not act uniformly upon all merchants who solicit orders for future delivery. The division into counties is arbitrary. Merchants of one county may have a great advantage over those of another county, according to the advantages of location.

By the amendment (section 18, art. 1) farmers and gardeners are privileged to sell the products of the farms and gardens occupied by them. The provision in section 9 of the act under consideration exempts persons who sell articles grown or produced by them. The act is broader than the constitution. The exemption is conferred, not only on those who grow "produce" on farms and gardens, but also on those who produce any article. The natural meaning of this is that any article made or produced by any person may be sold without a license. This question was directly passed on in State v. Wagener, supra, and it was held to be an improper classification.

Thus far we have considered the license feature only of this act. It is entitled "An Act to tax the occupation of and to license hawkers, peddlers and transient merchants, and defining said occupations." While removing some of the former restrictions on the methods of taxation, the amendment to article 9 of the constitution (chapter 168, p. 216, Laws 1905) specifically prescribes that taxes shall be uniform upon the same class of subjects. The legislature is not required to provide for the taxation of occupations; but if such a course is pursued, and any occupation is selected for that purpose, then the burden must fall equally upon the members of the class. Mutual Benefit Life Ins. Co. v. County of Martin, 104 Minn. 179, 116 N. W. 572. The occupation or class designated by the act is that of

peddling. Some peddlers are taxed, while others are exempt, and for the reasons above stated the law cannot be sustained as a tax measure, any more than as a police regulation.

This decision has been reached without regard to the provisions of section 10. Not being able to agree as to the scope and effect of that provision, and a consideration of the questions therein involved not being necessary to a decision, we refrain from a discussion thereof.

Affirmed.

O'BRIEN, J., being of counsel, took no part.