# STATE ex rel. ST. PAUL CITY RAILWAY COMPANY v. MINNESOTA TAX COMMISSION.[1]

February 5, 1915.

Nos. 19,135—(298).

**Taxation — assessment of street railway personal property.**

1. Under Laws 1913, c. 483, classifying property for purposes of taxation, relator's street railway tracks, overhead feed and trolley wires, trolley poles and underground conduits and cables, are assessable under class 4 at 40 per cent of true value, this class including property not enumerated in the first three; and such property does not come within "tools, implements and machinery whether fixtures or otherwise" included in class 3 and assessable at 33⅓ per cent of true value.

**Constitution — classification in 1913 act.**

2. Under the Constitution the classification for taxation purposes must be reasonable and such as is based on essential differences; and the differences between the relator's property and that included in class 3 are such as to justify the legislature in making the classification and it is not unconstitutional.

Upon the relation of the St. Paul City Railway Co. this court issued its writ of *certiorari* directed to J. G. Armson, Samuel Lord and O. M. Hall, as the Minnesota Tax Commission, to review and correct the proceedings of said commission in the matter of assessment for taxation of the personal property of St. Paul City Railway Co. under Laws 1913, c. 483. Writ quashed.

*Koon, Whelan & Hempstead,* for relator.

*Lyndon A. Smith,* Attorney General, *William J. Stevenson,* Assistant Attorney General, and *P. J. Ryan,* Assistant County Attorney, for respondents.

DIBELL, C.

Writ of *certiorari* issued from this court to review the proceedings of the Minnesota Tax Commission in the matter of the assessment

[1] Reported in 150 N. W. 1087.

of certain personal property of the relator, St. Paul City Railway Co. The commission made its return to the writ upon which a hearing was had in this court.

1. By Laws 1913, p. 710, c. 483, property for the purpose of taxation is classified. Class 1 includes iron ore and is assessed at 50 per cent of its true value. Class 2 includes household goods and personal belongings and is assessed at 25 per cent of its true value. Class 3 includes live stock, agricultural products, stocks of merchandise with the furniture and fixtures used therewith, manufacturers' materials and manufactured articles, and "all tools, implements and machinery whether fixtures or otherwise," unplatted real estate, etc., and is assessed at 33⅓ per cent of its true value. Class 4 includes all property not included in classes 1, 2 and 3 and is assessed at 40 per cent of its true value.

The question is whether the relator's railroad tracks, its overhead feed wires and trolley wires, its trolley poles, and its underground conduits and cables are within class 3 or class 4. The commission put them in class 4, assessable at 40 per cent of the true value. The relator claims that they are within the description of "tools, implements and machinery whether fixtures or otherwise," and should be in class 3 and assessed at 33⅓ per cent of true value.

Within the meaning of the act of 1913 none of this property comes within the designation of "tools, implements and machinery whether fixtures or otherwise," as used in class 3. A very liberal construction would not put street railroad tracks, feed and trolley wires, trolley poles, conduits and cables within the classification sought. It is not a doubtful question.

2. The relator claims that if the property mentioned is included in class 4 the classification is so arbitrary and unreasonable that the statute is unconstitutional.

At the November, 1906, election the Constitution was amended by striking out the provisions therein relative to a uniform valuation throughout the state on a cash basis, and inserting a provision to this effect: "Taxes shall be uniform upon the same class of subjects." Const. art. 9, § 1. The effect of this amendment is not to remove all limitation upon the classification of subjects of taxation. The

classification must be a reasonable one and such as essential differ-ences suggest. Mutual Benefit Life Ins. Co. v. County of Martin, 104 Minn. 179, 116 N. W. 572. Thus, recognizing that the classifi-cation must be reasonable and based on differences suggesting its propriety, it was held that the classification of money and credits for the purpose of taxation, putting upon them a specific annual tax, was within legislative discretion and not unconstitutional. State v. Minnesota Tax Commission, 117 Minn. 159, 134 N. W. 643.

The subject of classification for the purpose of taxation is treated at some length in Citizens Telephone Co. v. Fuller, 229 U. S. 322, 33 Sup. Ct. 833, 57 L. ed. 1206. In referring to the cases, cited as illustrative, the court says:

"They illustrate the power of the legislature of the state over the subjects of taxation and the range of discrimination which may be exercised in classifying those subjects when not obviously exercised in a spirit of prejudice and favoritism. * * * Granting the power of classification, we must grant Government the right to select the differences upon which the classification shall be based, and they need not be great or conspicuous. * * * The state is not bound by any rigid equality. This is the rule; its limitation is that it must not be exercised in 'clear and hostile discriminations between particular persons and classes.' "

We have no difficulty in reaching the conclusion that the differ-ences between the property involved in the assessment and that included in class 3 are such as to justify the legislature in separating them into the two classes and providing for their assessment upon the percentage basis adopted.

The tax commission was right.

Writ quashed.