# STATE v. MINNESOTA FARMERS MUTUAL INSURANCE COMPANY.[1]

### July 16, 1915.

### Nos. 19,338—(21).

**Town mutual insurance company — tax on premiums.**

The defendant is *held* to be a town and farmers mutual insurance company within G. S. 1913, § 3302 (R. L. 1905, § 1625), and not subject to the two per cent tax on premiums therein provided.

Action in the district court for Hennepin county to recover $332.48 as a tax of two per cent upon the premiums received by defendant during the year 1908.   From an order, Leary, J., sustaining plaintiff's demurrer to the answer, defendant appealed.   Reversed.

*James A. Peterson,* for appellant.

*Lyndon A. Smith,* Attorney General, and *C. Louis Weeks,* Assistant Attorney General, for respondent.

PER CURIAM.

Action by the state to recover a percentage on premiums received by the defendant on policies issued; answer alleging exemption of the defendant because it was a town and farmers mutual insurance company; demurrer by state to answer; demurrer sustained; defendant appeals from order sustaining demurrer.

[1] Reported in 153 N. W. 594.

The statute imposing liability, so far as important here, provides for a payment of two per cent upon insurance premiums received by all companies "except town and farmers mutual insurance companies." See G. S. 1913, § 3302, R. L. 1905, § 1625. The defendant claims that it is within the exception.

By chapter 83, p. 106, Laws 1875, incorporated into G. S. 1878, § 338, town mutual insurance companies were authorized to insure against loss by "fire or lightning." By Laws 1883, p. 66, c. 67, in terms amending G. S. 1878, § 338, such companies were authorized to insure against loss by "fire, hail, lightning or storms." By Laws 1885, p. 238, c. 186, a new act was passed providing for the incorporation of companies to insure against "loss or damage by hail, tornadoes, cyclones and hurricanes." The companies authorized were mutual and were farmers companies in the same sense that the companies mentioned were farmers companies. Only farm property was insured, or if there was an exception it was an exception proper to be made by companies insuring farm property. All of them were mutual and nonprofit-making.

In 1891 the defendant was organized under Laws 1885, p. 238, c. 186, and was authorized to insure against loss of and damage to property by hail, cyclones and hurricanes upon the mutual or assessment plan, and it was contemplated in general that farm property alone should be insured.

By Laws 1883, p. 18, c. 16, the provision exempting "township mutual fire insurance companies" from the two per cent tax appears.

There have been numerous amendments and added statutes from time to time, some directed to one portion of the insurance law and some to another, and we make no attempt to cite them all. It is a matter of extreme difficulty to trace them with certainty and with profit. We are of the opinion that the legislature has recognized throughout insurance companies which have been designated as town and farmers mutual insurance companies, that the defendant comes within such designation, and is within the exception made by G. S. 1913, § 3302, R. L. 1905, § 1625, and that it is not subject to the two per cent tax on premiums.

Order reversed.