## STATE v. MINNESOTA FARMERS MUTUAL INSURANCE COMPANY.[1]

March 5, 1920.

No. 21,602.

**Taxation — classification of property to be based on reasonable distinctions.**

1. The legislature has a wide discretion in classifying property for the purposes of taxation, but the classification must be based on differences which furnish a reasonable ground for making a distinction between the different classes.

**Constitution — rule of uniform taxation.**

2. The rule of uniformity established by the Constitution requires that all similarly situated shall be treated alike.

**Classification of companies on compensation paid improper.**

3. Ordinarily the amount of compensation paid by different companies to any one officer funishes no proper basis for classifying such companies for the purposes of taxation.

**Exemption of mutual insurance companies.**

4. Town and farmers mutual insurance companies are exempt from the tax on premiums.

**Amendments unconstitutional — uniform taxation.**

5. The amendments made by chapter 184 of the Laws of 1915 to section 1625, R. L. 1905, being section 3302, G. S. 1913, violate the constitutional requirement that "taxes shall be uniform upon the same class of subjects" and are void.

[1]Reported in 176 N. W. 756.

Action in the district court for Hennepin county to recover as a tax two per cent of the premiums received by defendant during the calendar year 1916, under the provisions of R. L. 1905, § 1625, as amended by Laws 1907, c. 321, and Laws 1915, c. 184. From the order sustaining plaintiff's demurrer to the answer, defendant appealed. Affirmed.

*James A. Peterson* and *Floyd B. Olson,* for appellant.

*C. L. Hilton,* Attorney General, and *C. Louis Weeks,* Deputy Attorney General, for respondent.

TAYLOR, C.

The state brought this action to collect from defendant a tax equal to two per centum of the premiums received by defendant during the year 1916. Defendant answered that it was incorporated as a farmers' mutual insurance company for the sole purpose of insuring farm crops against damage by hail, and other farm property against damage by cyclone, and is within the class of insurance companies not subject to such tax. The state demurred to the answer and defendant appealed from an order sustaining the demurrer.

In a similar action, previously brought against this same defendant, it was held that the defendant was within the class of companies excepted from this tax. State v. Minnesota Farmers Mutual Ins. Co. 130 Minn. 384, 153 N. W. 594. That decision is decisive of the present case, unless the law has been changed. The statute considered in the former decision, so far as here material, provided:

"Every domestic and foreign company, except town and farmers' mutual insurance companies, shall pay to the state treasurer on or before March 1st, annually, a sum equal to two per cent of the 'gross' premiums less return premiums 'on all direct business' received by it in this state. * * * The provisions of this section shall not apply to any domestic mutual company insuring its members against loss or damage by fire, lightning, tornado, hail or cyclone, or loss of live stock from disease or accident, which pays as salary and compensation to any one officer or member in any year no more than the aggregate sum of one thousand dollars." G. S. 1913, § 3302; R. L. 1905, § 1625.

In the case of domestic companies the tax thus imposed is in lieu of all other taxes except those on real estate.

The section above quoted was amended by chapter 184, p. 250, Laws of 1915, to read as follows:

"Every domestic and foreign company, except town and farmers' mutual fire insurance companies, and domestic mutual fire insurance companies, shall pay to the state treasurer on or before March 1, annually, a sum equal to 2 per cent of the 'gross' premiums less return premiums 'on all direct business' received by it in this state.  *   *   * The provisions of this section shall not apply to any domestic mutual company insuring its members against loss or damage by tornado, hail or cyclone, or loss of live stock from disease or accident, which pays as salary and compensation to any one officer or member in any year no more than the aggregate sum of one thousand dollars ($1,000) nor to domestic companies organized exclusively to write insurance against loss or damage by cyclone, tornado and windstorm, or any one or more of them upon the mutual plan, which pay as salary and compensation to any one officer or member in any one year no more than the aggregate sum of two thousand dollars ($2,000)."

The statute, as it existed at the time of the former decision, exempted two classes of companies from the premium tax: (1) Town and farmers' mutual insurance companies; (2) domestic mutual companies which insured their members against fire, lightning, tornadoes or hail, or against disease or accident to live stock, and which paid no officer more than $1,000 in any year. It was held that defendant was a farmers' mutual insurance company and was therefore exempted from this tax.

The only change made by the amendment of 1915 was in respect to the companies excepted from the tax on premiums. This amendment exempted four classes of companies from such tax: (1) Town and farmers' mutual fire insurance companies; (2) domestic mutual fire insurance companies; (3) domestic mutual companies insuring their members against tornadoes or hail, or disease or accident to live stock, which paid no officer more than $1,000 in any year; (4) domestic companies insuring exclusively against tornadoes on the mutual plan which paid no officer more than $2,000 in any year. Defendant is not within the first or second classes, because it insures against hail and tornadoes and not against fire; it is not within the third or fourth classes, because it pays two of its officers $3,000 per year. Defendant concedes that it

is not excepted from the tax as this section now reads, but contends that the amendments of 1915 violate the requirement of section 1, article 9, of the Constitution that "taxes shall be uniform upon the same class of subjects," and therefore are void.

The legislature has a wide discretion in classifying property for the purposes of taxation, but the classification must be based on differences which furnish a reasonable ground for making a distinction between the several classes. · The differences must not be so wanting in substance that the classification results in permitting one to escape a burden imposed on another under substantially similar circumstances and conditions. The rule of uniformity, established by the Constitution, requires that all similarly situated shall be treated alike. Mutual Ben. Life Ins. Co. v. County of Martin, 104 Minn. 179, 116 N. W. 572; State v. Parr, 109 Minn. 147, 123 N. W. 408, 134 Am. St. 759; State v. Farmers & M. Sav. Bank of Minneapolis, 114 Minn. 95, 130 N. W. 445, 851; State v. Minnesota Tax Commission, 128 Minn. 384, 150 N. W. 1087; Park v. City of Duluth, 134 Minn. 296, 159 N. W. 627.

Town and farmers' mutual insurance companies are organized among groups of farmers for the purpose of insuring their own farm property. Most of these companies are small and the territory within which they accept risks is usually, but not always, quite restricted. Except in a few instances, they are conducted at a nominal expense by officers who serve without expecting any considerable remuneration therefor. As indicated in the former decision, they have always been recognized as in a class by themselves, and we think the legislature did not overstep the bounds of permissible classification by exempting them from the commutation method of taxation. This exemption, in varying form, has been in effect since 1883, and was the only exemption involved or considered in the former decision.

The provision exempting domestic mutual companies, which write certain kinds of insurance, and which pay no officer or member more than $1,000 in any year from the tax on premiums, was added to section 1625, Revised Laws of 1905, by chapter 321, p. 434, of the Laws of 1907. Whether this exemption can be sustained is a doubtful question, which it is not necessary to determine at this time. However this may be, we are unable to find any reasonable or substantial basis for the classifica-

tion made by chapter 184, p. 250, of the Laws of 1915. Under this classification the tax is imposed on "any domestic mutual company insuring its members against loss or damage by tornado, hail or cyclone, or loss of live stock from disease or accident" which pays to any officer or member more than $1,000 in any year; but is not imposed on any domestic mutual company "organized exclusively to write insurance against loss or damage by cyclone, tornado and windstorm, or any one or more of them" which pays to any one officer or member no more than $2,000 in any year. A company which insures only against tornadoes may pay its officers salaries of $2,000 per year, without making itself liable for the tax, but a company of the same sort, which insures against tornadoes and also against hail and injuries to live stock, makes itself liable for the tax, if it pays any officer a salary of more than $1,000. No reasonable ground for such a distinction has been suggested and we know of none. The amount of compensation paid by different companies to any one officer furnishes no proper basis for classifying such companies for the purpose of taxation, at least unless the amounts paid bear such a relation to the nature of the companies and the character of their business that the difference in such amounts is indicative of essential differences between the companies. But assuming that companies may be classified on the basis of the salaries which they pay, it would seem that the officers of a company which insures against three hazards would be required to devote more time and attention to the business than the officers of a company, doing an equal amount of business, which insures against only one of such hazards, and should be permitted to receive at least an equal salary.

Again the act exempts all domestic mutual fire insurance companies from the tax, regardless of the extent of their business or the size of the salaries paid to their officers, but imposes the tax on all domestic mutual cyclone insurance companies which pay a salary of more than $2,000 to any officer. While the fire companies and the cyclone companies insure against different hazards, both are required by law to be conducted in substantially the same manner; the members of each are both the insurers and the insured; the amount of business which each may do and the extent of territory within which it may operate are unrestricted, and we find no substantial reason for saying that a cyclone company which

pays a salary of more than $2,000 shall pay the tax, but a fire company which pays a like salary shall be exempt.

We are forced to the conclusion that the classifications made by chapter 184, p. 250, of the Laws of 1915, violate the constitutional requirement that "taxes shall be uniform upon the same class of subjects," and cannot be sustained. As this chapter made no other change in the law, it follows that the law in force at the time of the former decision is still in force.

Order reversed.