## CHARLES N. DOHS v. MIKE HOLM, INDIVIDUALLY, AND AS REGISTRAR OF MOTOR VEHICLES.[1]

July 14, 1922.

No. 22,904.

**Statute not void because it required payment of automobile tax for one year.**

1. Chapter 461, Laws 1921, took effect April 23, 1921. In requiring the owner of a motor vehicle to pay a tax for the entire calendar year if he became the owner prior to July 31, the legislature did not exceed its powers.

**Constitutional requirement for uniformity of taxes not violated by fractional payments.**

2. The provision that, if the vehicle first became subject to the tax between July 31 and October 1, the tax for the remainder of the year should be one-half of the tax for the whole year, and, if first subject to the tax after September 30, it should be one-fourth of that for the whole year, is not in contravention of section 1, art. 9, of the state Constitution, requiring taxes to be uniform upon the same class of subjects.

**Classification of motor vehicles for purposes of taxation valid.**

3. Neither is the constitutional requirement of uniformity disregarded because the act exempts certain vehicles which are still subject to taxation as is other personal property. The separation of motor vehicles into the two classes thus created was within the scope of the broad power of the legislature with respect to classification for the purpose of taxation.

[1]Reported in 189 N. W. 418.

**Classification according to age of vehicle does not violate uniformity clause of Constitution.**

4. The uniformity clause of the Constitution is not contravened by the provision which divides motor vehicles into three classes, those used for three years, those four and five years, and those more than five years, and directs that those in the first class shall be taxed on the basis of their list price at the factory when new, those in the second class at 75 per cent of such price, and those in the third at 50 per cent.

**Basing tax on retail list price does not violate the uniformity clause.**

5. Neither is the uniformity clause contravened by the provision which requires manufacturers of motor vehicles to file annually with the registrar a statement showing the retail list price of each model as of November 1, and a like statement upon each change in price thereafter made, the price thus shown to be the basis upon which the tax is to be computed.

**Authorizing use of chart of foreign state not a delegation to registrar of power of taxation.**

6. In authorizing the registrar to adopt the chart or list of motor vehicles in use in another state to designate the price, capacity and weight upon which the tax for 1921 should be computed, the legislature did not delegate the power of taxation to the registrar.

Action in the district court for Ramsey county to recover $72. The case was tried upon stipulated facts before Hanft, J., who made findings and ordered judgment in favor of plaintiff for $5. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Edgerton & Dohs* and *Simpson & Dahl,* for appellant.

*Clifford L. Hilton,* Attorney General, and *James E. Markham,* Assistant Attorney General, for respondent.

LEES, C.

By an amendment to the state Constitution adopted in 1920 and known as the Babcock Amendment, the legislature was authorized to provide for the taxation of motor vehicles, using the public streets and highways of the state, on a more onerous basis than other personal property. Pursuant to such authorization, chapter 461, p.

708, Laws 1921, was enacted. By virtue of this act, the respondent required appellant to pay a tax upon his automobile. He paid it under protest and brought this action to recover back the amount paid. A statement of facts was prepared and embodied in a stipulation of the parties and adopted by the trial court in its findings. It appeared therefrom that the list price of appellant's car, when it was new and was shipped from the factory in November, 1919, was $3,350; that on April 1, 1920, the list price was raised to $3,600. On April 30, 1921, appellant bought the car at public auction for $2,350. It was not a new car, having been used to some extent by a former owner. On May 18, 1921, appellant applied for the registration of the car. He did not know the factory price. Respondent ascertained from a book he examined that it was $3,600 and inserted that sum in the application, which appellant then signed, paying the tax of 2 per cent of $3,600 under protest. The trial court concluded that $3,350, the list price at the factory when the car was new, was the basis upon which the tax should have been computed, and ordered judgment in appellant's favor for $5. He moved for a new trial and has appealed from a denial thereof.

1. The act took effect April 23, 1921. Appellant's first point is that the legislature assumed to impose a tax for the entire calendar year when only a portion of the year remained after the enactment of the statute, and that in so doing it exceeded its powers. As the law stood when chapter 461 was enacted, property was assessed annually as of May 1. Property acquired on or before that day was assessed on the same basis as property acquired on the first day of the year. Section 1979, G. S. 1913. The annual assessment of property has always been made without reference to the time during which it has been in the owner's possession. The value of the property and not the period of the owner's enjoyment of its use has determined the amount of the tax. Of necessity a time must be set for making assessments, but the date fixed has nothing to do with the amount. Under the old law, a man who bought an automobile on May 1 and the man who bought one of the same kind on January 1 might be assessed in equal amounts. The new law has merely changed the form of the assessment and is no more objection-

able than the old in the respect now under consideration. County of Martin v. Drake, 40 Minn. 137, 41 N. W. 942, virtually disposes of this.

2. The second point is that the act is invalid because it imposes a tax that is not equal. Motor vehicles are taxed on a stated basis and at fixed rates for each calendar year. If the vehicle first becomes subject to taxation between July 31 and October 1, the tax for the remander of the calendar year is one-half of the tax for the whole year, and, if first subject to taxation after September 30, the tax is one-fourth of that for the whole year. In support of his point, appellant relies on Moore v. City of St. Paul, 48 Minn. 331, 51 N. W. 219. That case involved a municipal ordinance providing for the licensing of employment agencies, whereas in the case at bar an act of the legislature providing for the taxation of property is involved. But the contention is made that the principle is the same because the act disregards the "equality requirement of the Constitution." That requirement was found in the Constitution prior to the 1906 amendment to section 1, article 9. The amendment substituted a direction that taxes should be uniform upon the same class of subjects. Without stopping to consider the significance of the change in phraseology, we come directly to a consideration of the argument presented.

It must be borne in mind that the legislature was providing for the imposition of a tax on property in lieu of all other taxes, Fairley v. City of Duluth, 150 Minn. 374, 185 N. W. 390, and that the act must be viewed in that light. Under the old law, personal property acquired after May 1 escaped taxation until the following year. The consequence was that a man who owned an automobile on May 1 was taxed, whereas his neighbor who acquired one on May 2 paid no tax for the current year. Manifestly here was an inequality even greater than that brought about by the new law, which requires the payment of at least a portion of the tax if the vehicle is acquired after July 31. Appellant would have had no ground for complaint if the legislature had wholly omitted the provisions he attacks, for he could have been compelled to pay the tax, although those who bought automobiles after a given date were not taxed at

all. It follows that he has no just cause for complaint because those who otherwise would have wholly escaped taxation are taxed less than those in his class. County of Martin v. Drake, 40 Minn. 137, 41 N. W. 942; State v. Northwestern Tel. Exch. Co. 80 Minn. 17, 82 N. W. 1090.

3. The third point is that the act contravenes the constitutional requirement of uniformity because section 2 exempts farm tractors, tractors used for road work, implements of husbandry temporarily moved upon a highway, road rollers, and small trailers used with pleasure vehicles on occasional trips. The legislature has not attempted to exempt the things enumerated from taxation of any kind. They are still subject to taxation under the old law, but on a basis different from that on which motor vehicles are taxed under the new law. The question, therefore, is whether classifying automobiles for taxation on one basis and farm tractors and the like on another is within the power of the legislature. Its power in that respect is very broad. Since the 1906 amendment to the Constitution this court has had frequent occasion to state and apply the rules governing the exercise of the power. It has been settled by previous decisions that all limitations upon the power have not been removed. It must not be exercised in a spirit of prejudice or favoritism. The classification must be based on differences furnishing a reasonable ground for distinction between the several classes. In classifying property for the purpose of taxation, the legislature is determining a matter of state policy and is not tied down to any narrow or technical rule. This court may declare a legislative enactment unconstitutional on the ground that the requirement of uniformity in taxation has been ignored, but should be slow to do so merely because a greater degree of uniformity was practicable or might seem to be desirable. State v. Cronkhite, 28 Minn. 197, 9 N. W. 681; State v. Cudahy Packing Co. 103 Minn. 419, 115 N. W. 645, 1039; Mutual Benefit Life Ins. Co. v. County of Martin, 104 Minn. 179, 116 N. W. 572; State v. Minnesota Tax Com. 117 Minn. 159, 134 N. W. 643; State v. Minnesota Tax Com. 128 Minn. 384, 150 N. W. 1087; State v. Royal Mineral Assn. 132 Minn. 232, 156 N. W. 128, Ann. Cas. 1918A, 145; Park v. City of Duluth, 134 Minn.

296, 159 N. W. 62; State v. Minnesota Ins. F. M. Co. 145 Minn. 231, 176 N. W. 756; State v. Wells Fargo & Co. 146 Minn. 444, 179 N. W. 221.

Property was classified for the purpose of taxation by chapter 483, p. 710, Laws 1913. It was provided that iron ore should be assessed at 50 per cent of its value, household goods at 25 per cent, stocks of merchandise, manufacturers materials and products, live stock and agricultural products, tools and machinery, and unplatted lands at 33 1-3 per cent, and all other property at 40 per cent of its value. Here we have an illustration of decided inequalities and an apparent lack of uniformity fully as great as in the act for the taxation of motor vehicles, but the classification of the 1913 act was upheld. State v. Minnesota Tax Com. 128 Minn. 384, 150 N. W. 1087.

The Babcock amendment created a fund for the construction and maintenance of state trunk highways composed of the proceeds of taxes on motor vehicles levied under authority of the amendment. The purpose of the tax is to secure funds to build and maintain roads. It is a matter of common knowledge that certain motor vehicles, particularly heavy trucks and rapidly moving pleasure cars, wear out the surface of roads faster and make necessary greater expenditures for maintenance than farm trucks not used on the roads except as they go from field to field or small trailers used on occasional trips. Tractors and rollers employed in the construction and maintenance of roads are clearly in a class by themselves. There are excellent reasons for excluding all these from the classes to be taxed when we take into account the purpose of the amendment. It has authorized the taxation of motor vehicles as property in a special class. The legislature might properly subdivide the class for the purposes of taxation just as it has subdivided for the same purpose the class composed of all the lands in the state into mineral lands, farm lands and city lots. State v. Parr, 109 Minn. 147, 123 N. W. 408, 134 Am. St. 759, is not controlling. There the act designated peddlers as a class upon whom an occupation tax was imposed, but, while some were taxed, others were exempt, and for that reason the act was held to be unconstitutional.

4. The fourth ground of attack is that section 3 violates the constitutional requirement of uniformity because it arbitrarily fixes the value of an automobile for the first three years at its listed retail price at the factory. We know that an automobile is worth much less than its original price after it has been driven for even a comparatively short time. Appellant, therefore, contends that the owner should not be required to pay the same tax on it for three successive years, but a lesser tax from year to year as its value diminishes. It is urged that, if there is to be even a semblance of regard for uniformity, the purchaser of a used car should not be taxed as much as the purchaser of a new one of the same kind.

When section 3 was framed the legislature recognized the fact that the value of automobiles diminishes progressively. It directed that after the third year 25 per cent of the list price should be deducted, and, after the fifth year, 50 per cent. It did not see fit to provide for an annual assessment on the basis of actual money value. The result is that there are glaring inequalities in the taxes paid by automobile owners. Responsibility for the fairness and justice of a tax measure rests upon the legislature. The courts may not declare the measure invalid merely because it does not come up to their conception of a proper method of taxation. No system of taxation which is free from inequalities has yet been devised. The attack upon this act is essentially an attack upon the classification as indefensible. The legislature has created three classes. The age of a vehicle determines the class to which it belongs. We recur then to the question already discussed. Upon what basis may property be legitimately classified for the purpose of taxing it? What has been said in section 3 of this opinion is applicable to this phase of the case. Avoiding repetition, we hold that the classification is not so arbitrary or unreasonable that it may not be sustained without disregarding the constitutional requirement of uniformity.

5. Another objection urged is based on the practical consequences of giving effect to section 21 in conjunction with section 3. The former section requires manufacturers to file annually with the registrar a statement showing the retail list price of each model as of November 1, and a like statement upon each change in price

thereafter made. It then declares that the price thus shown shall be the price on which the tax is to be computed. The consequence is that if A buys a car when the list price is $5,000 and the price is later reduced to $4,000 and B then buys a car of the same model, A's tax is $20 more than B's for three years, $15 more for the next two years, and $10 more thereafter. Here again there is inequality, but is there lack of uniformity with respect to the subjects of the same class? In effect the law provides for a subdivision of a class. For example, all Marmons of the same model are in the same class. All Marmons sold when the price was $5,000 are placed in one subdivision of the class, and all sold when the price was $4,000 in another. The registrar is required to collect $100 from the owners of cars in the first subdivision, and $80 from those owning cars in the second. The inequality does not vary but extends uniformly to all in each subclass. Those who bought cars when prices were high are placed in one class. Those who bought after prices were reduced are placed in another. This is a near approach to arbitrary classification, but we are not at liberty to declare the act void unless it is palpably unconstitutional.

It has been well said that the remedy for oppressive legislation is by appeal to the sense of justice of the legislative representatives of the people and that the unquestioned power of the courts to declare an act unconstitutional should be exercised with extreme caution. Rippe v. Becker, 56 Minn. 100-118, 57 N. W. 331, 22 L. R. A. 857; Lommen v. Minneapolis Gaslight Co. 65 Minn. 196-208, 68 N. W. 53, 33 L. R. A. 437, 60 Am. St. 450; State v. Board of Control, 85 Minn. 165, 88 N. W. 533. Guided by these principles, any doubts there may be must be resolved in favor of the validity of the act.

For reasons already stated, we do not sustain the contention that there is a fatal lack of uniformity because of the provision for a minimum tax at a flat rate on motor vehicles under 2,000 pounds in weight.

6. Section 21 authorized the registrar to adopt the chart or list of motor vehicles in use in another state to designate the price, capacity and weight upon which the tax for 1921 should be computed. It is contended that this amounted to a delegation to him of

the taxing power of the legislature. It seems that by virtue of this provision he adopted the Iowa list and referred to it in ascertaining the amount of the tax on all the motor vehicles listed. It is urged that in so doing he was exercising power which only the legislature possesses. We do not sustain this contention. The tax was fixed by the legislature. The registrar merely gathered the information and determined the facts in order to carry the law into effect. He acted as an assessor, ascertained the value of motor vehicles in the manner pointed out by the statute, and computed the tax as the legislature directed. In State v. Chicago, M. & St. P. Ry. Co. 38 Minn. 281, 37 N. W. 782, and State v. Great Northern Ry. Co. 100 Minn. 445, 111 N. W. 289, 10 L. R. A. (N. S.) 250, the necessity and propriety of delegating powers and duties of this nature to administrative officers in order that the government may perform its functions are thoroughly and clearly expounded.

There are other grounds upon which the act is assailed, but it is unnecessary to consider them. They are directed to features which do not affect appellant adversely. Imperfections in the act have been revealed as the registrar has performed the difficult task of administering its provisions. The legislature will presumably remove the principal objections by amendments suggested by his experience.

After careful consideration of all the grounds upon which the act has been attacked, we have concluded that it may be sustained without doing violence to any provision of the Constitution.

Order affirmed.