APARTMENT OPERATORS ASSOCIATION AND ANOTHER v. CITY OF MINNEAPOLIS AND OTHERS.[1]

April 13, 1934.

No. 29,937.

[1]Reported in 254 N. W. 443.

Frank E. Clinite, Franklin F. Ellsworth, and Ellsworth, Clinite, Dills & Dahl, for appellants.

Harry H. Peterson, Attorney General, William S. Ervin, Assistant Attorney General, and Richard S. Wiggin, City Attorney, for respondents.

HILTON, Justice.

This action was brought to enjoin defendants from assessing real property for taxation purposes in accordance with the provisions of L. 1933, c. 359. After a hearing upon an order to show cause directed to the defendants, the court made an order denying the relief prayed for and discharged the order to show cause. The appeal is from that order.

It is contended that the classification of real property in that chapter violates the uniformity clause of the state constitution (art. 9, § 1) and the equal protection clause contained in the fourteenth amendment to the federal constitution.

It is established that the provision in art. 9, § 1, of the state constitution providing that "taxes shall be uniform upon the same class of subjects" is no more restrictive upon legislative power to tax or classify than is the equal protection clause in the fourteenth amendment to the constitution of the United States. Lake Superior C. I. Mines v. Lord, 271 U. S. 577, 46 S. Ct. 627, 70 L. ed. 1093. If the act here involved does not violate the one it does not violate the other. It is also established that the power to classify subjects for taxation purposes is primarily with the legislature, and such laws will not be declared invalid unless it clearly appears that they transgress the constitution. The classification, however, must not be unreasonable, arbitrary, or capricious. Reed v. Bjornson, 191 Minn. 254, 264, 253 N. W. 102, 107, and cases cited. Particular consideration should be given to that case, in which many of the propositions

advanced in the instant case are disposed of and need not here be detailed.

The legislature having power to classify "subjects" for taxation, our only concern here is whether the classifications in c. 359 are reasonable. Classification must rest "on some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced shall be treated alike." Reed v. Bjornson, 191 Minn. 254, 253 N. W. 102. They must operate "equally and uniformly upon all persons in similar circumstances." Magoun v. Illinois T. & S. Bank, 170 U. S. 283, 296, 18 S. Ct. 594, 598, 42 L. ed. 1037. "The classification must be based on differences furnishing a reasonable ground for distinction between the several classes. In classifying property for the purpose of taxation, the legislature is determining a matter of state policy and is not tied down to any narrow or technical rule." Dohs v. Holm, 152 Minn. 529, 533, 189 N. W. 418, 420.

Prior to the 1933 enactment here considered, real property was divided into three general classes, viz: "real estate in which iron ore is known to exist" (the iron ore, mined or unmined, assessed at 50 per cent of its true value) ; "unplatted real estate" at 33 1/3 per cent of its true value; and all other real estate at 40 per cent of its true value. 1 Mason Minn. St. 1927, § 1993. L. 1933, c. 359, provides:

"Class 3b. All unplatted real estate, * * * which is used for the purposes of a homestead, shall constitute class three 'b' (3b) and shall be valued and assessed at twenty (20) per cent of the true and full value thereof. Provided, if the true and full value is in excess of the sum of $4,000.00, the amount in excess of said sum shall be valued and assessed as provided for by class three (3) hereof. [Property coming within class 3 is valued and assessed at 33 1/3 per cent of its true value.]

"All platted real estate * * * which is used for the purposes of a homestead, shall constitute class 3c and shall be valued and assessed at twenty five (25) per cent of the true and full value thereof. Provided, if the true and full value is in excess of the

sum of $4,000.00, the amount in excess of said sum shall be valued and assessed as provided for by class four (4) hereof." [Property coming within class 4 is valued and assessed at 40 per cent of its true value.]

The classification of platted and unplatted land still · remains. That classification is again divided into homestead and nonhomestead lands, the former being assessed at a lesser percentage of true value. The distinction is predicated upon the use made of the property. The other change is based upon value and gives a preference to homesteads of a value of $4,000 or less.

That use is a proper basis for classification cannot now well be questioned. The legislature has for many years classified property upon that basis. L. 1913, c. 483, divided property into four classifications. Class 1 included iron ore, which was assessed at 50 per cent of its true value; class 2 included household goods and personal belongings, which were assessed at 25 per cent; class 3 included live stock, agricultural products, stocks of merchandise, manufacturers' materials and manufactured articles, all tools, implements, machinery, and unplatted real estate, etc., which were assessed at 33 1/3 per cent; class 4 included all property not included in the other three classifications and was assessed at 40 per cent. In State ex rel. St. Paul City Ry. Co. v. Minnesota Tax Comm. 128 Minn. 384, 150 N. W. 1087, the question involved was whether relator's railroad tracks, overhead feed wires, trolley wires and poles, underground conduits and cables were within class 3 or class 4. The claim was made that if such property was placed in class 4 the classification was so arbitrary and unreasonable that the statute was unconstitutional. This court held that the difference between the property involved and that included in class 3 was such as to justify the legislature in separating them into two classes and providing for the assessment upon the percentage basis adopted. The preferred classification in respect to unplatted real estate was considered in State ex rel. Chase v. Minnesota Tax Comm. 135 Minn. 205, 160 N. W. 498, and In re Delinquent Real Estate Taxes, 149 Minn. 335, 183 N. W. 671.

L. 1923, c. 140, introduced another classification (class 3a), in which the legislature directed that "all agricultural products in the hands of the producer and not held for sale, and all agricultural tools, implements and machinery used by the owner in any agricultural pursuit" be valued and assessed at 10 per cent of the true value. The same kind of property in the hands of persons other than producers and used for purposes other than that of agricultural pursuits remained in class 3 and was assessed at 33 1/3 per cent. Such classification was clearly based upon use. Its validity has never been challenged.

In Raymond v. Holm, 165 Minn. 215, 206 N. W. 166, this court upheld G. S. 1923, § 2674, which imposed a tax of 10 per cent of the value of trucks engaged in commercial freighting and operating on regular time or route schedules and a tax of only 2¾ per cent of the value of trucks not operating on such schedules.

The classification in c. 359, in so far as it is based upon use, is in line with the policy of both the state and nation as evidenced by previous legislation enacted for the benefit and relief of occupant owners of homes. Such classification has a tendency to encourage the use of land for homestead purposes and is in furtherance of a sound public policy. The stability of government is promoted thereby. The obvious object of the legislature was to provide for the necessary funds with which to carry on governmental functions without placing too heavy a burden upon real estate used by the owner as his home. The difference in use of the property has a fair and substantial relation to that object of the legislature, and there is no discrimination between persons in similar circumstances; it operates equally upon all coming within the respective classes.

The classification based upon value is not an innovation. The iron ore tax, hereinbefore referred to, was based upon value, as were also the classifications in the income tax law (wherein $1,000 and more exemptions were allowed and a graduated rate imposed), the inheritance tax, and the automobile tax laws. Such classifications have been upheld. Reed v. Bjornson, 191 Minn. 254, 253 N. W. 102; State ex rel. Graff v. Probate Court, 128 Minn. 371, 150 N. W. 1094, L. R. A. 1916A, 901; Dohs v. Holm, 152 Minn. 529, 189 N. W. 418.

Protection and benefits received by the taxpayer and ability to pay may properly be taken into consideration by the legislature in classifying property for the purpose of taxation. As far back as 1905, in State ex rel. Foot v. Bazille, 97 Minn. 11, 17, 106 N. W. 93, 95, 6 L.R.A.(N.S.) 732, 7 Ann. Cas. 1056, this court said: "Ability or faculty to pay has come to be the test in determining the justness of taxation." Numerous decisions to the same effect, both in this and other jurisdictions, are cited in Reed v. Bjornson, 191 Minn. 254, 253 N. W. 102. As well stated by the trial court:

"Occupation of a small and moderately improved homestead as compared with occupation of a large and more elaborately improved one fairly implies a difference in ability to pay taxes and in benefits derived from the social and political advantages to which tax funds are apportioned. These are matters which a legislature may well take into account in its scheme of public finance."

Placing homesteads in two classes on the basis of valuation was within the scope of the broad power of the legislature to classify property for the purpose of taxation. Its selection of property for one classification or another is binding upon the courts "unless it appears beyond a reasonable doubt that the legislative body acted arbitrarily and without sufficient information." McReavy v. Holm, 166 Minn. 22, 26, 206 N. W. 942, 944. The United States Supreme Court in Citizens Tel. Co. v. Fuller, 229 U. S. 322, 331, 33 S. Ct. 833, 836, 57 L. ed. 1206, stated:

"Granting the power of classification, we must grant government the right to select the differences upon which the classification shall be based, and they need not be great or conspicuous. * * * The state is not bound by any rigid equality. This is the rule; its limitation is that it must not be exercised in 'clear and hostile discriminations between particular persons and classes.' "

We conclude that the classification here considered does not come within the above quoted limitations.

We have considered the claim that the title to the act embraces more than one subject and does not express the purpose of the law, and also that classes 3b and 3c are so indefinite, uncertain, and in-

complete as to be incapable of being administered. We find no merit therein.

Affirmed.