WILSON *v.* MONTICELLO COTTON MILLS COMPANY.

Opinion delivered February 10, 1930.

D. A. *Bradham, W. F. Norrell* and *R. W. Wilson,* for appellants.

*J. G. Williamson, Lamar Williamson* and *Adrian Williamson,* for appellees.

HUMPHREYS, J. This suit was brought in the chancery court of Drew County by appellees to enjoin appellant, Walter Wilson as ex-officio collector of taxes, from distributing to the State of Arkansas and her subdivisions $6,051.52 in taxes collected from it over its protest on April 10, 1928, which had been assessed, and extended on the tax books of Drew County against the property used in the manufacture of cotton and fiber goods, and for judgment against him to refund said sum to it; and to enjoin appellant A. B. Clower and his successor, as assessor, from assessing its property invested in its textile plant in Monticello, Drew County, Arkansas, for a period of seven years from the date of its organization and location of its said textile mill on January 1, 1926.

The gist of the complaint, gleaned from the express allegations therein, and the reasonable inferences deducible therefrom, is that the capital or property involved herein was invested in a textile mill in this State on January 1, 1926, and was, and is exempt from assessment and taxes for a period of seven years from said date under amendment No. 12 of the Constitution of the State of Arkansas adopted on the 5th day of October, 1926, which is as follows:

"Section 1. That all capital invested in a textile mill in this State for the manufacture of cotton, and other fiber goods in any manner, shall be, and is, hereby declared to be exempt from taxation for a period of seven years from the date of the location of said textile mill."

"Section 2. This amendment shall take effect and be in force and operation after its approval and adoption by the people of the State of Arkansas."

A demurrer was filed to the complaint which was overruled by the court, and, appellants electing to stand upon their demurrer and refusing to plead further, the court rendered a decree cancelling the assessment of 1926, and the extension of taxes upon the taxbooks of Drew County pursuant to the assessment, and enjoining further assessment and collection of taxes upon said property by appellee for a period of seven years from January 1, 1926, and adjudging that said collector return all the taxes collected to appellee, from which is this appeal.

Appellants contend for a reversal of the decree, and a rendition of a decree sustaining the demurrer to the complaint, and a dismissal of same, alleging as reasons therefor; first, that amendment No. 12 is not retroactive, and does not and can not exempt capital invested in textile mills prior to its adoption; second, that amendment No. 12, as construed by the General Assembly in act No. 74 of 1929, applies to capital invested after its adoption; and third, that amendment No. 12 exempting capital invested in textile mills from taxation grants immunity to certain citizens of the United States, and denies an equal protection of the laws to other citizens of the United States contrary to § 1, article 14, of the Constitution of the United States, and is void.

■ It was not necessary, as contended by appellants, for amendment No. 12 to expressly state that it was retroactive, or that such intention be clearly implied, in order to exempt appellee's property or capital from assessment and taxation. The language of the amendment itself exempts the property or capital without interpreting the language as retroactive in effect. The amendment plainly and unmistakably states that capital invested in a textile mill "shall be and is hereby declared to be exempt from taxation for a period of seven years from

the date of the location of said textile mill.'' The amendment does not say that all capital invested in a textile mill after the adoption thereof, nor thereafter invested shall be exempt from taxation for a period of seven years from the date of the location of the textile mill, but, on the contrary, grants exemption to all capital invested in a textile mill in this State ''for a period of seven years from the date of the location of said textile mill.'' It will be observed that the emphasis is placed upon the date of the location of the mill, whether located before or after the adoption of the amendment. A part of the seven year exemption might exist before, and a part after the adoption of the amendment, or all after the adoption thereof. According to the allegation of the complaint in the instant case, conceded by the demurrer, all of appellee's capital involved was invested in a textile mill at Monticello, Arkansas, in the year 1926, prior to the adoption of the amendment in October of that year, so this period of seven years exemption from assessment and taxation began when it located its textile mill at Monticello on January 1, 1926. It is true that appellee purchased the physical assets of the Monticello cotton mills, which was a textile mill that had been operated for many years, and then engaged in the manufacture of cotton cloth at the present site; but the complaint contained the following allegation relative to the investment of its capital in the textile mill in question.

''(b). The plaintiff (appellee) immediately took possession of the textile mill so purchased, and invested a large amount of additional capital therein by practically rebuilding said mill, changing it from an old styled steam driven to an electrically driven mill, installing large amounts of new machinery, and doubling the capacity of said mill, which textile plant, as so rebuilt and enlarged and modernized, the plaintiff has continuously operated at its location in Monticello, in Drew County, in the State of Arkansas until the present time.''

This allegation was tantamount to alleging that appellee's capital was invested on January 1, 1926, in a textile mill within the meaning of amendment No. 12.

■ We cannot agree with appellants that the Legislature of 1929 construed amendment No. 12 to apply to capital only invested in a textile mill after its adoption ment. The act referred to followed the language of the amendment in exempting the capital invested in textile mills for a period of seven years after the adoption of the amendment or for a period of seven years after the location of such textile mills in the State. Certainly, the Legislature did not intend to exempt property by the passage of said act which was not exempt under the language of amendment No. 12. If such was its purpose, the act would necessarily be void because in conflict with the amendment itself. The purpose and intent of act No. 74 was to effectuate amendment No. 12 and not to efface or destroy it.

■ Amendment No. 12 does not, as contended by appellants, contravene or offend against § 1, article 14, of the Constitution of the United States prohibiting the abridgment of immunities or requiring equal protection of the laws to every citizen of the United States. The effect of the amendment was not to grant immunity to some and deny equal protection to other citizens of the United States, but to exempt capital of all citizens invested in textile mills from taxation for a period of seven years from the date of the location of the mills. It was a reasonable classification under the State's right of taxation exempting certain capital from taxation applicable to all individuals, partnerships or corporations within the class to encourage the location of textile mills in this State for the manufacture of cotton and other fiber goods. The classification was not discriminatory and arbitrary, but applied alike to all citizens coming within the class. Such classifications and exemptions have been upheld as valid, when extended by States to

railroads and telephone lines, by the Supreme Court of the United States in the cases of *Florida Cent. Rd. Co. v. Reynolds*, 183 U. S. 480, 22 S. Ct. 176, and *Citizens' Telephone Co. v. Fuller*, 229 U. S. 322, 33 S. Ct. 833. The right of a State to classify and exempt railroad companies and telephone lines necessarily implies the right of a State to exempt textile mills from taxation, if the classification applies impartially to the property of all citizens in the class. In amendment No. 12 and act 74 of the Acts of 1929 it does.

No error appearing, the decree is affirmed.

Mr. Justice Kirby dissents.