## MONTGOMERY WARD & COMPANY, INC. v. COMMISSIONER OF TAXATION.[1]

December 31, 1943.

No. 33,558.

[1]Reported in 12 N. W. (2d) 625.

*John A. Barr, Ralph G. Crandall, Henry R. Marshall,* and *Doherty, Rumble, Butler, Sullivan & Mitchell,* for relator.

*J. A. A. Burnquist,* Attorney General, and *P. F. Sherman,* Assistant Attorney General, for respondent.

*Dorsey, Colman, Barker, Scott & Barber, Leland W. Scott, Fowler, Youngquist, Furber, Taney & Johnson,* and *G. A. Youngquist* filed a brief *amici curiae.*

HENRY M. GALLAGHER, CHIEF JUSTICE.

Relator, which will hereinafter be referred to as taxpayer, is an Illinois corporation engaged in the general merchandising business. It owns and operates stores in Minnesota and in other states. On July 29, 1942, respondent, the commissioner of taxation for Minnesota, entered an order determining taxpayer's income tax liability for the year ending January 31, 1939, to be $75,606.69, and determining an additional income tax to be owing by the taxpayer in the sum of $4,410.03 plus interest in the sum of $870.98. Taxpayer appealed from this order to the board of tax appeals, which sustained the determination of the commissioner. The case is here on *certiorari* to review the decision of the board.

The question for determination is whether Ex. Sess. L. 1937, c. 49, § 6(c)4,[2] which amends L. 1933, c. 405, § 6, and provides the formula for determining the tax credit to be given corporations, is constitutional. The board determined that it does not offend either the state or the federal constitution.

The provisions of the law here involved read:

"(c) The taxes due under the foregoing computation shall be credited with the following amounts:

\* \* \* \* \*

[2]This section appears in Minn. St. 1941, as § 290.06, subd. 3(4), and in Mason St. 1940 Supp. as § 2394-6(c)4.

"4. In the case of a corporation, an amount computed by applying to the tax a fraction equal to one-tenth of the average of the following ratios:

"(a) The ratio of the fair value of tangible property, real, personal and mixed, owned and used by the taxpayer in this state in connection with his trade or business during the income year to the total fair value of such property of the taxpayer owned and used by him in connection with the trade or business everywhere. * * *

"(b) The ratio of the total wages and salaries paid or incurred during the income year in this state to the total wages and salaries paid or incurred during the income year everywhere."

Taxpayer's income tax liability for the year 1939 was determined by the commissioner to be $76,088.08. The Minnesota tangible property ratio was 6.4406 percent, and the Minnesota payroll ratio was 6.2130 percent, making the average, 6.3268 percent. Thus the credit allowed taxpayer was .63268 percent, or the sum of $481.39; and the tax levied for the fiscal year, $75,606.69.

Taxpayer contends that the application of this provision imposes upon it a rate of tax higher than the rate imposed upon other corporations doing business in Minnesota and that it constitutes a tax on property and business operations outside the jurisdiction of the state in violation of U. S. Const. Amend. XIV, the applicable portion of which reads: "nor shall any state deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws"; and also in violation of Minn. Const. art. 9, § 1, which provides: "* * * Taxes shall be uniform upon the same class of subjects, * * *." Taxpayer concedes that the uniformity clause of the Minnesota constitution is not more restrictive than the equal protection clause of the Fourteenth Amendment. This court so held in Reed v. Bjornson, 191 Minn. 254, 253 N. W. 102.

■ We have held that the legislature "has a wide discretion in classifying property for the purposes of taxation, but the classification must be based on differences which furnish a reasonable ground

for making a distinction between the several classes. The differences must not be so wanting in substance that the classification results in permitting one to escape a burden imposed on another under substantially similar circumstances and conditions." State v. Minnesota Farmers Mut. Ins. Co. 145 Minn. 231, 234, 176 N. W. 756, 757; Reed v. Bjornson, 191 Minn. 254, 253 N. W. 102; National Tea Co. v. State, 205 Minn. 443, 286 N. W. 360; State ex rel. Mudeking v. Parr, 109 Minn. 147, 152, 123 N. W. 408, 134 A. S. R. 759; In re Improvement of Third Street, 185 Minn. 170, 240 N. W. 355. The United States Supreme Court has followed substantially the same rule. Louisville G. & E. Co. v. Coleman, 277 U. S. 32, 37, 48 S. Ct. 423, 425, 72 L. ed. 770, 774. In that case the court said:

"* * * In the first place, it may be said generally that the equal protection clause means that the rights of all persons must rest upon the same rule under similar circumstances, * * *. It does not, however, forbid classification; and the power of the state to classify for purposes of taxation is of wide range and flexibility, provided always, that the classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' "

This was the idea upheld by Mr. Justice Olson in National Tea Co. v. State, 205 Minn. 447, 286 N. W. 362, *supra,* in quoting from the Minnesota Farmers Mutual case: "The rule of uniformity, established by the Constitution, requires that all similarly situated shall be treated alike."

The legislature may not classify in prescribing a rate of taxation or a rule of valuation. 6 Dunnell, Dig. § 9140; C. & N. W. Ry. Co. v. State, 128 Wis. 553, 648, 108 N. W. 557, 583. It may, however, classify as to the subject matter of taxation. Apartment Operators Assn. v. City of Minneapolis, 191 Minn. 365, 254 N. W. 443; Black v. State, 113 Wis. 205, 217, 89 N. W. 522, 526, 90 A. S. R. 853; and, having classified as to subject matter, it may prescribe different rates for different classes. Classification as to subject

matter is permissible if there is a reasonable ground for making a distinction (*i. e.,* some substantial difference between the subjects classified) and if the classification made bears a reasonable relation to a permitted end of governmental action. 6 Dunnell, Dig. § 9140; National Tea Co. v. State, and State v. Minnesota Farmers Mut. Ins. Co. *supra;* State ex rel. Foot v. Bazille, 97 Minn. 11, 106 N. W. 93, 6 L.R.A. (N.S.) 732, 7 Ann. Cas. 1056. The difference between the subjects taxed need not be great, and if any reasonable distinction can be found the court should sustain the classification embodied in the law. Louis K. Liggett Co. v. Lee, 288 U. S. 517, 533, 53 S. Ct. 481, 484, 77 L. ed. 929, 936, 85 A. L. R. 699. The legislature has a broad discretion in determining that classification has a reasonable relation to a governmental purpose, and the courts should not interfere unless there is palpable error. Reed v. Bjornson, 191 Minn. 254, 253 N. W. 102, and State ex rel. Foot v. Bazille, 97 Minn. 11, 106 N. W. 93, 6 L.R.A. (N.S.) 732, 7 Ann. Cas. 1056, *supra.*

Whether a particular classification does or does not deny equal protection of the laws depends upon the peculiar situation presented in each case. In Raymond v. Holm, 165 Minn. 215, 206 N. W. 166, a classification between trucks engaged in commercial freighting on regular-time and route schedules and those engaged in such freighting but not on regular schedules was sustained. In State v. Minnesota Farmers Mut. Ins. Co. 145 Minn. 231, 176 N. W. 756, *supra,* this court held that the amount of compensation paid by different insurance companies to any one officer furnished no basis for classification. In Apartment Operators Assn. v. City of Minneapolis, 191 Minn. 365, 254 N. W. 443, *supra,* we upheld a classification which separated homesteads from nonhomesteads. In State v. Duluth G. & W. Co. 76 Minn. 96, 78 N. W. 1032, 57 L. R. A. 63, a provision of a special taxing statute permitting deduction of the total amount of the indebtedness of a corporation or association falling within the purview of the statute from the value of its stock was held unconstitutional, in that it resulted in inequality of taxation not only as between the associations themselves

falling within the provisions of the section, but also as between all such associations and persons or associations taxed under the general provision of the tax law who were not permitted to deduct their indebtedness. The section there involved, allowing the deduction, provided an exclusive method for listing and valuing the property of corporations, except railroad, insurance, telegraph, and banking corporations. It was not shown there, nor does it now appear, that a difference which bears relation to a proper governmental purpose exists between the corporations excluded from and those falling within the special provision.

Classification between chain stores under single ownership and stores associating themselves in voluntary chains was held not to discriminate unconstitutionally; but a classification for purposes of a graduated chain store tax between stores where the chain was located in a single county and those where the chain was located in more than one county was held to be a violation of the equal protection clause. Louis K. Liggett Co. v. Lee, 288 U. S. 517, 53 S. Ct. 481, 77 L. ed. 929, 85 A. L. R. 699, *supra.* In Klein v. Board of Tax Supervisors, 282 U. S. 19, 51 S. Ct. 15, 75 L. ed. 140, 73 A. L. R. 679, it was held no violation of the equal protection clause to require stockholders in a corporation less than 75 percent of whose total property was taxable in Kentucky to list their shares for taxation, while stockholders of a corporation at least 75 percent of whose total property was taxable in Kentucky were not required to do so. In Billings v. Illinois, 188 U. S. 97, 23 S. Ct. 272, 47 L. ed. 400, it was held not arbitrary and unreasonable to distinguish, for purposes of an inheritance tax, between life estates where the remainder went to lineals and similar life estates where the remainder went to collaterals or to strangers in blood.

In Standard Lbr. Co. v. Pierce, 112 Or. 314, 228 P. 812, it was held to be unconstitutional discrimination to permit a corporation to deduct from its net income the amount of dividends declared and paid to residents of the state and not to permit this deduction as to dividends paid to nonresidents. In a case which is very similar to the instant one, an Oklahoma income tax statute which provided

for allowance of only such part of the personal exemption as was in proportion to income derived from sources within the state was upheld against the taxpayer's contentions that the apportionment was unreasonable and violated the equal protection clause, and that the basis for the apportionment had no relation to the object of taxation. McCutchan v. Oklahoma Tax Comm. 191 Okl. 578, 132 P. (2d) 337. The analogy between the McCutchan case and the case before us is apparent. Under the Oklahoma law, the exemption varies directly with the ratio of the taxpayer's Oklahoma income to his total income. Under the Minnesota law, the credit varies directly with the ratio of the taxpayer's Minnesota property and payroll to his total property and payroll.

■ Section 2394-6(c)4 divides corporations into two general groups, those which do not have property and payroll outside the state and those which do. The first group receives the full credit. The second group receives only part of the credit, and is subclassified according to a plan of apportionment. Our task is to determine whether this plan of classification is based on a difference which has relation to a proper governmental purpose.

The difference between the classes created by § 6(c)4 is that one group has concentrated all its property and payroll in Minnesota and the other has not. Does this difference bear a reasonable relation to the object of taxation, which is the raising of revenue to support the government? We are of the opinion that it does. The more property and payroll located in the state, the greater will be the amount of property taxes to defray the expenses of government, and of social security taxes to reduce the burden of public relief for the poor and unemployed. There is also the broader advantage of encouraging business within the state, which is of indirect fiscal benefit to the government. That a state may classify for the purpose of encouraging industry within its borders has been established. Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232, 238, 10 S. Ct. 533, 535, 33 L. ed. 892, 895; Wilson v. Monticello Cotton Mills Co. 180 Ark. 1090, 24 S. W. (2d) 324; Duke Power Co. v. Bell, 156 S. C. 299, 314, 152 S. E. 865, 871.

It is true, as contended by taxpayer, that corporations may not remove their factories, mills, etc., now located in other states to Minnesota simply for the purpose of receiving the full credit under the statute. But if one of these corporations were to erect a new factory or a new mill, and could erect it in one of several states, Minnesota among them, would not this tax structure in Minnesota be a factor in determining in which of two or more states to make the improvements? Thus a state of facts "reasonably can be conceived to sustain" the income tax credit provision, and this is all that is required to sustain it. State Board of Tax Commrs. v. Jackson, 283 U. S. 527, 537, 51 S. Ct. 540, 543, 75 L. ed. 1248, 1256, 73 A. L. R. 1464, 75 A. L. R. 1536.

■ The contention of taxpayer that the due process clause of the Fourteenth Amendment has been violated requires separate consideration. Taxpayer argues that the property-payroll credit formula operates to tax property and business operations outside the jurisdiction of the state, since the variation of the tax rate on Minnesota income is based on the outside property and payroll. On this point there is sound reasoning in the McCutchan case, 191 Okl. 578, 132 P. (2d) 337, *supra,* where the court pointed out that as long as the tax levied does not exceed the income taxable within the state, it is a direct tax upon the income within the state only, although, in having a direct effect on the total income it might indirectly affect the income from without the state. The court in that case said (191 Okl. 578, 132 P. [2d] 338): "The contention that a State cannot levy a tax upon income within its boundaries because of its indirect effect upon outside income has long since been rejected." This ruling is strengthened by the case of Maxwell v. Bugbee, 250 U. S. 525, 539, 40 S. Ct. 2, 6, 63 L. ed. 1124, 1131, where it was said: "When the State levies taxes within its authority, property not in itself taxable by the State may be used as a measure of the tax imposed."

Inasmuch as this court has determined that the credit apportionment formula is valid, there is no need to decide whether the factor under contention could be stricken without impairing the extension

of an equal credit of 10 percent to all corporations, or whether the entire provision would have to fall.

Writ discharged.

PETERSON, JUSTICE (concurring).

I concur in the result upon the authority of C. Thomas Stores Sales System, Inc. v. Spaeth, 209 Minn. 504, 297 N. W. 9.

[1]Reported in 12 N. W. (2d) 608.